A. B. HARALSON v. HUGH L. WHITE, Ex'or., &c.

1. EXECUTOR AND ADMINISTRATOR: ACCOUNTS: WHAT A SUFFICIENT VOUCHER FOR PAYMENT OF A JUDGMENT.—The receipt of a sheriff, given to an executor, which shows on its face that an execution was in the sheriff's hands against the decedent, and that it was paid to him by the executor, is *prima facie* evidence of the existence of the judgment, and is a sufficient voucher to authorize an allowance for the payment.

2. SAME: SAME: RULE WHERE PAYMENT IS MADE OF UNPROBATED CLAIM.—If an executor pay an unprobated open account against his testator, he must, in order to entitle him to an allowance therefor, show by proof, that it was a valid claim against, and had never been paid by, the testator.

3. SAME: SAME.—Where an open account is probated against the decedent, for a balance after deducting payments credited thereon, the executor will be entitled only to an allowance for the balance probated, unless he prove that the credits were also paid by him.

4. SAME: ACCOUNT OF EXECUTOR OR ADMINISTRATOR IS A SUIT: ACCOUNTANT NOT A COMPETENT WITNESS.—The account of an executor or administrator, propounded for settlement in the Probate Court, is a suit, within the meaning of Art. 190, p. 510, of the Revised Code, to establish the claim of the accountant against a deceased person's estate; and the accountant is not therefore a competent witness to establish any item of credit in his account, nor to exonerate himself from any sum with which the heirs or legatees may allege he is chargeable.

APPEAL from the court of Probates of Tallahatchie county. Hon. W. H. Fitzgerald, judge. .

*Aldridge* and *Gallady*, for appellant.

*H. Harper*, on same side.

*W. S. Eskridge*, for appellee.

HANDY, J., delivered the opinion of the court.

This case comes up by appeal from the judgment of the Court of Probates of Tallahatchie county, upon exceptions taken by the appellant as a distributee of the estate of Peter A. Bailey, deceased, to the final account of the appellee as executor of that estate.

The errors assigned relate to the action of the court in overruling certain exceptions, which we will proceed to consider.

The first exception was taken to voucher No. 1, in the executor's account; which was a statement in writing signed by the sheriff of the county, reciting a judgment in favor of one Zollicoffer against the appellee's testator, and the interest and costs thereon, and stating that the same had been paid by levy and sale of a certain slave. In support of this voucher, the executor introduced the deputy sheriff who signed it, who testified that he levied an execution as stated in the paper, and gave to the executor the same as a receipt. The same exception was also taken to voucher No. 47, which was a sheriff's receipt for costs paid by the executor on a judgment against the testator, and the evidence in support of both of these vouchers was substantially the same.

It is now objected that, in order to justify the executor in paying the latter sum, and to entitle him to allowance for the former, he should have produced a short copy of the judgments certified by the clerk of the court in which they were rendered, in pursuance of the statute, Rev. Code, 443, Art. 82. But it is clear that this statute has no application to such cases. It has reference to the payment of judgments to the creditors of an estate, by executors or administrators, not in virtue of executions and other legal process, but by private transaction between them. The executor or administrator cannot require of a sheriff holding an execution against the estate of his testator or intestate, such a voucher, because the process is itself compulsory, and would justify the sheriff in taking in execution property of the estate subject to it; and it would hence justify the executor or administrator in making payment to him.

It is true, that it would be more regular for the executor, in such a case, to produce a copy of the execution under which he made the payment to the sheriff. But as the receipt is executed by a public officer, it must be taken *prima facie* as correct, and as evidence of the existence of the judgment to which it referred. For it is sufficient to give to parties interested, notice of the claim, and to enable them to examine whether there was the judgment stated in the officer's receipt; and if not, to defeat the allowance claimed by the executor. But to require the production of a copy of the

judgment or execution, would be to burden the estate with the costs of the same, which would be for the most part unnecessary. These exceptions were, therefore, properly disallowed.

The next exception applies to vouchers Nos. 4, and 32, which were open accounts against the testator, with receipts indorsed as having been paid by the executor, but without probate. The only evidence offered in support of these vouchers, was the testimony of the creditor, showing that the signature to the receipts was in the handwriting of his clerk, but that he knew nothing of the accounts, except that the testator dealt with him during the year therein stated. This proof was not sufficient, either to show the correctness of the accounts, or that they had not been paid by the testator in his lifetime ; and these exceptions should have been sustained.

The next exception applies to an open account, which, as stated and probated, appears to be for a balance of $12.38, but the original amount of it was $35.76, there being credits entered on it, reducing it to the amount first mentioned. The account was allowed for the full amount of $35.76, except a very small sum, thus allowing the executor for a credit of $25, entered on the account as having been paid by him, without any evidence that that sum was paid by him. This was error. The sum was credited on the account as probated, and there was no evidence that the sum of $25 credited was paid by him.

The next exception is taken to the vouchers Nos. 19, and 33, which were witnesses' certificates for attendance in a suit in which the testator was a party. There was no probate attached to these certificates, and nothing to show that they had not been paid by the testator. And the exception to them should have been sustained.

The last exception insisted on was taken to vouchers 39, 40, and 41, which purport to be for costs of administration of the estate of the testator taken in the State of Tennessee, for the costs of a suit there, which he had instituted, and for an attorney's fee in the suit.

Upon the hearing of the exceptions, the executor proposed to testify, as a witness to substantiate these last-named vouchers, and also to show that he was not liable for certain amounts with which the exceptant alleged he was chargeable, as of the assets of the estate. The court permitted him to testify as a witness to establish his account, and the appellant excepted.

Haralson *v.* White, Exr.

The question is thus presented, whether an executor or administrator is a competent witness to testify in his own behalf, and establish his own account against the estate of the deceased, within the provisions of the statute, Rev. Code, 510, Art. 190. The proviso to that act is, " that no person shall be a witness in any suit by or against himself, to establish his own claim to an amount exceeding fifty dollars, against the estate of a deceased person."

In the first place, the account of an executor or administrator, propounded for settlement in the Court of Probates, is to be regarded as " a suit," within the meaning of the statute. It is a proceeding constituted of parties,—the executor, on the one part, claiming allowance of his claim against the estate consisting of his account; and the distributees, who have to be made parties by notice. It is the subject-matter of exceptions, it has to be sustained by evidence, and the judgment is the subject-matter of appeal to this court, as in cases of other suits in that court.

In the next place, it appears fully to answer the designation of a " claim against the estate of a deceased person." It requires proof to establish it, and is to be paid or allowed out of the estate, in the same manner as the claim of any creditor of the deceased must be proved against the estate. It appears, therefore, to come fully within the spirit, if indeed not within the letter, of the statute.

But it is urged, that the object of the proviso was to prevent *creditors* from establishing debts claimed against a deceased person, because, by reason of the death of the debtor, it would be difficult to disprove the testimony of the creditor in support of his claim, and thus that great wrong might be done to deceased persons' estates, by establishing, by *ex parte* testimony, unjust and unfounded claims against them; and that this reason does not exist in the settlement of executors or administrators' accounts, inasmuch as the distributees are always summoned to contest them, and have an opportunity to require full proof of them.

This view is more plausible than true. It is true, the distributees may have the opportunity to demand full proof of the items in an executor's account, and to scrutinize its correctness by cross-examination or otherwise. But they cannot be presumed to be personally cognizant of the particulars connected with the items in the account. They would scarcely ever be parties to them or participants in

them.   For the most part, such transactions must be carried on without their knowledge, and consequently without any ability on their part to rebut any of the statements of circumstances attending them,—upon which the claims are founded.  They must indeed be strangers to those facts.  They stand in the same attitude to them, that the executor would occupy in relation to the claim of a creditor upon a contract alleged to have been made with the testator ; in which case, it is plain, that the creditor is incompetent as a witness to establish his claim.   The same principle is applicable to the claim of the executor as against the distributees.  And we think it clear, that he comes within the prohibition of the, proviso of the statute.

The spirit of the statute plainly renders him incompetent.   For, it never could have been the intention of the legislature, to allow the dangerous power to executors and administrators, who deal almost entirely with distributees and creditors, who have but little or no knowledge of their private acts in the management of estates, to establish by their own testimony, their accounts against estates committed to them.   Such a privilege would open a wide door to fraud and imposition upon the rights of the ignorant and helpless, whose interests are committed to the hands of such persons.  And if the statute means anything, it must be fully applicable to them.

The testimony of the executor was, therefore, improperly admitted.

Let the judgment be reversed, and the cause remanded for further proceedings.