LUCY M. BARRY, EXECUTRIX, v. A. B. STURDIVANT ET AL.

1. EVIDENCE. *Claim against decedent. Wife witness for husband.*
   If a husband, having a claim against a deceased person, brings suit upon it, the wife is a competent witness to establish such claim in favor of the husband.

2. SAME. *Final settlement. Executrix competent witness. Case in judgment.*
   L. B. was the sole executrix of the will of her father, deceased. W. B., her husband, had a claim against the decedent, which was duly probated and paid by the executrix, his wife. On final settlement this item of the account of the executrix was objected to by parties in-

terested, and the Chancellor ruled that neither L. B., the executrix, nor her husband, W. B., was a competent witness to establish such claim against the decedent. *Held*, that the executrix was a competent witness in this case.

3. WILL. *Codicil. Construction. Case in judgment.*

S. made his last will, and gave to his several different children all of his property. He afterward added this codicil: " I confirm to my daughter L. M. all that I heretofore willed, and all the stock, crop, &c., I may die possessed of, to her and the heirs of her body, requesting her to make such presents to any of my children as she. may think proper, as mementos that they may esteem." Under this codicil L. M. claimed all the property before willed to the other children. *Held*, that the codicil only confirmed to her the property previously willed to her, and gave her the additional property mentioned in the codicil.

APPEAL from the Chancery Court of Lowndes County.

Hon. C. A. SULLIVAN, Chancellor.

Charles Sturdivant made his last will and testament, and bequeathed and devised to his several different children his personal and real estate. He afterwards added a codicil to said will, as follows: " I confirm to my daughter Lucy M. all that I heretofore willed, and all the stock, crop, plantation utensils, household and kitchen furniture I may die possessed of, to her and the heirs of her body, requesting her to make such presents to any of my children as she may think proper, as mementos that they may esteem." Lucy M. Sturdivant was appointed sole executrix of the will of her father. She afterwards married W. R. Barry, and is the appellant in this suit, as Lucy M. Barry.

After the death of the testator the will was duly probated, and Lucy M. Barry claimed that the effect of the above codicil was to give to her all of the property which had been bequeathed and devised in the original will to the other children of the testator, as well as to confirm to her the part bequeathed and devised to her in the original will.

There are other interesting points in this case, but the facts upon which they are based are fully presented in the opinion of the court.

*Leigh & Evans*, for the appellant.

1. The will gives to the appellant all of the testator's prop-

erty, and no other person is entitled as heir or distributee. In the body of the will the testator gives his daughter Lucy the household and kitchen furniture, stock, crop, &c. Now, in the codicil he gives to her " all that I have heretofore willed," " *and* " all the stock, crop, plantation utensils, &c., using the conjunctive conjunction " and," in addition to what he had previously willed. It seems the testator feared the use of the terms " all I have heretofore willed " might be construed to mean all that I have heretofore willed *her;* and to avoid such a construction he gives her " all " that he had willed, " *and* " the very property willed her formerly, to wit, the stock, &c.

2. The executrix was a competent witness to establish her final account as to the claim paid her husband. An interested person may give evidence in support of his demand against the estate of a deceased person, which originated after the death of such deceased person in the course of administering the estate. Code 1871, § 758, p. 156. If the account of the executrix is in the nature of a demand against the estate of the deceased, certainly it is a demand which originated in the course of administration.

3. We think it clear that W. R. Barry was a competent witness for the executrix. The Code of 1857, art. 190, p. 510, and the Code of 1871, § 758, have both been construed to apply to witnesses who were parties plaintiff or defendant. *Lamar* v. *Williams,* 39 Miss. 347 ; *Griffin* v. *Lower,* 37 Miss. 458 ; *Witherspoon* v. *Blewett,* 47 Miss. 570 ; *Fowler* v. *Jordan,* 44 Miss. 289 ; *Wood* v. *Stafford,* 50 Miss. 372, 373. W. R. Barry was no party to this suit, either plaintiff or defendant. He was asserting no claim in this suit, nor was any being asserted against him.

No counsel is marked for the appellees in this court, and no brief.for.the appellee can be found with the record and papers in the case.

CHALMERS, J., delivered the opinion of the court.

Mrs. Barry was the executrix of the estate of her deceased father. Her husband held a probated claim against the estate, which, in the course of administration, she paid off, for which disbursement she prayed allowance and credit in her final

settlement. The distributees of the estate filed exceptions to its allowance, and controverted the justice of the demand. The husband, the original claimant, and his wife, the executrix, were both conversant with the facts relating to the claim, and both testified to its correctness. The testimony of both was deemed incompetent, and was excluded by the Chancellor; and the claim not being sufficiently established by other evidence, the executrix was refused credit therefor on her final account.

The decision of the Chancellor, if correct, works this curious result. If the husband had brought suit upon his claim, his wife, who had no interest in it, would have been a competent witness in his favor. Code of 1871, § 760; *Rushing* v. *Rushing*, 52 Miss. 329. But when she has paid it off, and claims credit for her payment in her final account, both she and her husband are excluded as witnesses to establish its correctness: he, because he would be testifying to prove his own claim against the estate of a dead man; and she, because she would be establishing her final account against her testator's estate.

Counsel for the appellant, on the other hand, insist with much plausibility that both of the witnesses were competent: the husband, because he was neither a party to the litigation, nor had any interest in it, since he had already received payment in full of his demand; and the executrix, because as to her the claim had originated since the death of the testator, and in the course of administration. Waiving a discussion of the question whether the original holder of a claim against the estate of a decedent is a competent witness after its payment on behalf of the executor or administrator, who has discharged it, we think it clear that the executrix in this case was competent. If she be considered as testifying in behalf of the original owner of the demand, then, while it is true that she speaks as to matters occurring in the lifetime of the deceased, she is testifying about transactions which took place between the deceased and another person in which she is not interested. If, on the other hand, she be considered as testifying in support of her own final account, then she would be testifying in reference to a demand which, so far as she is concerned, origi-

nated after the death of the deceased in the course of administration; and as to such matters she is expressly made competent by the provisions of the Code of 1871, § 758. The case of *Haralson* v. *White*, 38 Miss. 178, which held that an administrator was incompetent to establish the items in his final account relating to matters transpiring in the course of administration, arose before the adoption of the Code of 1871, and the rule there established is changed by the section above cited. The testimony of Mrs. Barry was therefore improperly rejected.

Viewed by the light of her testimony and the other evidence in the case, we think that all the items of her final account, as originally propounded by her, are sufficiently established, except voucher 2, for $1.25, which was paid without probate, and is unsupported by proof; and voucher 3, for $6.80, which appears to have been for articles purchased after the death of the testator. The account should have been allowed as stated, with the exception of these items.

It seems unnecessary to notice the other points discussed; but as we are asked by counsel on both sides to place a construction upon the will of the testator, and the codicils thereto, we will say that there is not, as is insisted by counsel for the executrix, devised to her by the codicil the entire estate, but, to use the language of the testator, he only " confirms " to her in the codicil what had been previously devised by the will, together with the additional property mentioned in the codicil itself.

The decree is reversed, and the cause remanded for decree in accordance with this opinion.