## W. E. McDONALD *v.* E. J. McDONALD ET AL.

1. APPEAL. *Account of Administrator. Final decree.*
    A decree on the final account of an administrator, which allows some items and disallows others, and awards the payment of certain sums in partial distribution, is final and may be appealed from without leave, although it continues the final account.

2. WITNESS. *Estate of deceased. Code* 1880, § 1602.
    Under § 1602, code 1880, on settlement of accounts, an administrator is competent to testify in his own behalf as to what occurred after the death of the intestate. *Haralson* v. *White*, 38 Miss. 178, explained.

FROM the chancery court of Clarke county.

HON. SYLVANUS EVANS, Chancellor.

Appellant, W. E. McDonald, filed in the court below his final account as administrator of the estate of W. C. McDonald, deceased. The appellees, as heirs and distributees, excepted to the same, and the case was set down for hearing. The exceptors introduced evidence to show that the administrator had failed to charge himself with all money belonging to the estate that came into his hands, and also to show that certain items of credit claimed by him on account of disbursements were incorrect. The administrator offered

to testify in his own behalf as to these matters—all occurring subsequent to the death of the intestate. On objection of the exceptors, he was excluded as a witness, on the ground that he was incompetent to testify to establish his own claim against the estate of a deceased person. A decree adverse to him was rendered. He was directed to pay certain sums to the distributees in partial distribution, and the final account was continued until the next term of court.

From this decree he appealed without leave. There was a motion to dismiss the appeal, upon the ground that it was from an interlocutory decree, and that leave to appeal had not been granted.

*McIntosh, Williams & Russell,* for appellant.

1. The decree appealed from is final as to the items passed upon. Therefore the motion to dismiss the appeal should be overruled. *Isom* v. *McGehee,* 45 Miss. 712 ; *Ledyard* v. *Henderson,* 46 Ib. 260.

2. The administrator was a competent witness in his own behalf. His testimony related to matters arising after the death of the intestate. Code 1880, § 1602.

*Miller & Baskin,* for appellees.

1. There was only a partial distribution; the decree appealed from was interlocutory and not final. As the appeal was not granted by the chancellor, it should be dismissed.

2. The court properly held that the administrator was incompetent to testify as to credits claimed in his account. He could not thus establish his own claim against the estate.

CAMPBELL, C. J., delivered the opinion of the court.

The motion to dismiss the appeal is denied, for the decree was a final one as to the matters embraced, and enforceable by final process.

The appellant was a competent witness to testify to what occurred *after the death* of his intestate. The last clause of § 1602 of the code was for the purpose of meeting *Haralson* v. *White,* 38 Miss. 178, and has the effect to render competent as a witness any person as to anything subsequent to the death of the decedent.

*Reversed and remanded.*