CONNELL *v.* CAZENUEVE.

[81 South. 793, Division A, No. 20487.]

APPEAL AND ERROR. ..*Final decree. What constitutes.*
> A decree construing an item of a will made upon petition, proof and after summoning all necessary parties, is a final decree and if not set aside during the same term at which it is rendered precludes an appeal therefrom after the one year period prescribed by chapter 222, Laws 1916 (Hemingway's Code, section 2476.)

APPEAL from the chancery court of Hancock county. HON. W. M. DENNY, JR., Chancellor.

Applications by J. F. Cazenueve to approve his final account as executor and trustee of the last will of Ella

E. Ioor and as guardian of Peter H. Ioor were consolidated and from a decree amending and approving his final account as executor, Anna R. Connell appeals.

The facts are fully stated in the opinion of the court.

*E. J. Bowers,* for appellant.

As we view the case it is utterly immaterial what the provisions of the will of Ella E. Ioor were because of the fact that the decree entered by the Chancellor on the first of March 1917 is final until appealed from and has never been appealed from. That decree is found at page 37 of the record from which it appears that it was heard on petition answer and proof and finds that all of the allegations of the petition are true. This we submit if the court please constitutes a complete *res adjudicata,* and second because she never attacked the decree in the suit in which it was rendered namely the estate of Ella E. Ioor, she filed a petition in the matter of the estate of Peter H. Ioor who died shortly after the rendition of this decree, see page 38 of the record. We are at a loss to understand what the position of the Chancellor was in the case because of the fact that the decree that he rendered on the first day of March 1917, was certainly *res adjudicata.* Another reason why the court had no authority to set aside the order made at Mrs. Connells instance was Mrs. Connell was never made a party defendant to the petition filed by Mrs. Collins in the matter of the estate of Peter H. Ioor, a *non compos* and certainly her rights could not be disposed of in any such style as that, she was not a party to the suit and had presumably no notice thereof in this statement we have set out some facts that do not appear on the record because we deem it fair to the executor so to do. The record is absolutely bare of any showing that any order was ever made by the chancellor setting aside the former decree made on the

first day of March 1917.  Certainly as this record now stands the decree was erroneous and should be set aside and a decree entered for the appellant.

*McDonald & Marshall,* for appellee.

These two causes were tried together, and necessarily had to be, though the full record of only one is here because the only question involved, and the only one was and is whether the four hundred fifty dollars and twenty-one cents expended for the support of Peter H. Ioor, should remain as a charge against said estate, or whether it should be made a charge against his own individual estate, and that involves a construction of her will and final account, as much so when the objections were filed to his account as guardian in cause 1942, as if it had been filed against guardians account.  This appellee's interest was to carry out the trust of Ella E. Ioor, and likewise that as guardian under the directions of the court, but he has no wish in the whip-sawing of the item for support of Peter H. Ioor in these two accounts, ultimately to be called on to pay for Peter's support out of appellee's private funds.  This item had been paid out of the estate of Ella E. Ioor by the executor under decree of the court before Peter's death, and before the decree of March 1, 1917.  The decree March 1, 1917 by the Chancery Court prohibited any further expenditure. as prayed and it went further and directed the guardian of Peter H. Ioor, to pay back the amount to the estate of Ella E. Ioor.  In rendering his final accounts as guardian and as executor, he carried out that direction of the court, but on the final hearing the court ordered said item to stand as originally expended, and ordering amendments made in the respective accounts.  This record on its face shows that it does not contain the whole record or the parties before the Chancery Court,

when it considered together both cases and rendered final decrees.

*Watkins & Watkins,* for appellee and cross appellant.

It is the contention of appellant, so far as we catch their contention from their brief, that the decree of March 1, 1917, was a final decree was never set aside or revoked and was an adjudication of the rights of the respective parties.

. We beg to submit that the decree of March 1, 1917, was not a final decree; it was an interlocutory decree one made during the course of the administration of the estate and was subject to recall or modification at any time by the court up to the rendition of the final decree; and the court might set it aside of his own motion and without notice. It is necessary to observe the distinction between an interlocutory decree and a final decree.

In the case of *Cook* v. *Bay* 4 Howard, 485, this court said:

"A final decree is one which makes an end of the case, and decides the whole matter in controversy, determines the costs, and leaves nothing further for the court to act on."

In R. C. L. Subject Equity, Par. 350, the law is announced as follows:

"As regards interlocutory orders and decrees, no question can arise as to the authority of the court to change or reverse them so long as the cause remains undetermined before the court. This power of revision can be exercised by the court in its own discretion and of its own volition or it can be exercised on a motion or petition brought by a party affected by the decree; or, finally, it may be varied or abrogated by the entry of a final decree inconsistent with it. When a cause is referred to a master under a decree settling

the rights of a party, the court may on the coming in of a report, change its position and modify the decree, or dismiss the bill altogether.?''

In the case of *Kimball* v. *Raymond,* 45 Miss., 145, this court said:

''The chancellor has jurisdiction over all interlocutory decrees, to recall, modify or vacate, according to the changing phases and exigencies of the litigation until terminated by final decree.''

In the case of *Pattison* v. *Jocelyn,* 43 Miss. 373, this court said: ''This discretion over interlocutory orders continues so long as the case is in progress, no matter at what term they have been rendered, and does not cease until the case is terminated in a final decree.''

In the case of *Hunter* v. *Carmichael,* 12 S. & M. 72. 6, this court said: ''The law appears to be that an interlocutory order made in the progress of a cause until the final hearing or until the confirmation of record taken under it, is always within the control of the court which renders it and may be set aside.''

In 16 Cyc., page 503, the rule is announced: ''An interlocutory decree remains subject to control of the court throughout the remainder of the proceedings, and may, at any time be amended or vacated. This power of revision may be exercised on motion or petition, or by rendering on final decree a different decree.''

It is, therefore, perfectly apparent from these authorities that the decree rendered by the chancellor March 1, 1917, was merely an interlocutory decree, subject to be vacated by the court at any time.

(2) We next wish to submit to the court that the decree of March 1, 1917, was vacated by the final decree, wherein the correction was made, and the court went back in legal effect to the decree rendered September 9, 1916.

It is not necessary that a final decree, in express terms, vacate and set aside the interlocutory decree. The interlocutory decree is modified, vacated or set aside to such extent as is necessary to give full effect to the final decree.

In 16 Cyc. page 503, *supra,* the rule is announced as: "This power of reversion may be exercised on motion or petition, or by rendering on final hearing a different decree."

In other words, the chancellor on final decree decided that the support of Peter Ioor, the *non compos mentis* should be paid out of the trust estate. It was an order inconsistent with the interlocutory decree of March 1, 1917, and therefore, to that extent, modified and vacated the order.

In the case of *Topp* v. *Pollard,* 24, Miss. 682, the court held that a final decree, which was inconsistent with an interlocutory decree, had the legal effect of modifying or setting aside the interlocutory decree.

We have, therefore, shown the court: (1) That Peter Ioor should by right, equity and law be supported out of the trust estate of Ella E. Ioor. (2) That the decree of September 9, 1916, providing otherwise, was not a final decree but an interlocutory decree which was revoked and modified by the final decree of September I, 1917, which, in legal effect, likewise provided that the support and maintenance of Peter Ioor should be borne by the trust estate created in the last will and testament of Ella E. Ioor. (3) Even if we are mistaken in our statment that the final decree of March 1, 1917, vacated the interlocutory order of September 9, 1916, then, we respectfully submit, that on the cross-appeal by the appellee and cross-appellant in this case, the court has authority, and it is the duty of the court to enter up such a decree in favor of the appellee and cross-appellant as should have been entered by the court below.

SYKES, J., delivered the opinion of the court.

Mrs. Anna R. Connell prosecuted this appeal from a decree of the chancery court amending and approving the final account of Jos. F. Cazenueve, executor and trustee of the last will and testament of Ella E. Ioor. It is necessary to state briefly the facts giving rise to this appeal. Ella E. Ioor died testate. Item 1 of her will provided for the payment of her debts and funeral expenses. Item 2 devised and bequeathed the residue of her property to her executor as trustee, and required him, among other things, out of her estate to maintain and support her brother, Peter H. Ioor, so long as he lived, and at his death all of her remaining property was bequeathed to her cousin, Mrs. Anna R. Connell (the appellant). Item 3 appointed Jos. F. Cazenueve executor.

The brother of the testatrix, Peter H. Ioor, was an old man and a *non compos mentis*. The estate left by Miss Ioor consisted principally of several thousand dollars in money.

Jos. F. Cazenueve duly qualified as executor, and also was appointed guardian of the person and estate of Peter H. Ioor; both estates being administered in the chancery court of Hancock county. Shortly after his appointment as executor and in that matter, he filed an *ex parte* petition asking the court whether or not he should pay for the support of Peter Ioor, and, if so, what amount. The court entered an order authorizing him as executor to pay the guardian of Peter H. Ioor for his support the sum of fifty dollars per month. Under this order four hundred and fifty dollars and twenty-one cents was paid by the executor to the guardian. Shortly thereafter the appellant, Mrs. Anna R. Connell, filed a petition in the chancery court making defendants thereto the executor of the estate of Miss Ella E. Ioor, the *non compos mentis* Peter Ioor, and his guardian.

It so happens that the executor and the guardian are one and the same person, Jos. F. Cazenueve. In this petition Mrs. Connell, after quoting the provisions of the will of Ella Ioor and setting up the fact that petitioner was the residuary legatee, further alleges that the testatrix only intended that Peter H. Ioor should be supported out of her estate after his estate was exhausted, and that the estate of Peter Ioor was amply sufficient to provide for him. It then recites the *ex parte* order of the court authorizing the executor to expend fifty dollars a month in the maintenance and support of Peter Ioor and claims this order to be erroneous and void. Petitioner prayed that an order be entered that neither the principal nor income of the estate of Ella E. Ioor be drawn upon for the support of Peter Ioor until the estate of Peter Ioor be exhausted. Petitioner also prayed for general relief. On March 1, 1917, the chancellor entered a decree in this matter reciting that it was heard on petition and proof. The decree found all of the allegations of the petition to be true, granted the prayer of the petition, set aside the previous order relating to the support of Peter Ioor, and forbade the executor to expend any further money out of this estate for the support of Peter Ioor until the estate of Peter Ioor be exhaused. It further decreed that Jos. F. Cazenueve, as guardian of the person and estate of Peter Ioor, refund to the executor of Ella Ioor the amounts advanced for the support of Peter Ioor. Some time thereafter Peter Ioor died. The executor of Miss Ella Ioor's estate filed his final account in that estate showing as on hand the four hundred and fifty dollars and twenty-one cents paid him by the guardian of Peter Ioor under the above decree of the court. In the guardianship matter of Peter Ioor the guardian, Cazenueve, also filed his final account, showing that as guardian he had complied with the decree of the court and paid this money over to himself as executor. After the filing of these two final accounts in these separate

estáte matters, the heirs at law of Peter Ioor filed a petition in the guardianship case, which in effect claimed that, under the will of Miss Ioor, Peter Ioor should have been supported out of her estate, and these heirs prayed that the executor be required to repay this money to the guardian, and that the decree of the court of March 1, 1917, was void, and that it be set aside. An order was then entered by the lower court consolidating these two causes, namely, that of the estate of Ella Ioor and the guardianship estate of Peter Ioor. On a final hearing the court set aside the decree of March 1, 1917, and ordered this sum of four hundred and fifty dollars and twenty-one cents to be paid by the executor to the guardian. In other words, on final hearing, the chancellor decreed that Peter Ioor during his lifetime should have been supported out of the estate of Ella Ioor. From that decree this appeal is prosecuted.

The appellee has filed in this court an assignment of error and cross-appeal, thereby attempting to challenge the validity of the decree of March 1, 1917, above referred to. A motion was duly filed to dismiss this cross-appeal for various reasons unnecessary to set out.

The determinative question presented by this appeal is whether or not the decree of March 1, 1917, was a final or an interlocutory decree. The petition of Mrs. Connell sets out the terms of the will of Ella Ioor. It asks for a construction of that part of the will providing for the maintenance and support of her brother. All necessary parties were duly summoned and were before the court when this decree was entered. This decree construed that part of the will involved in the controversy. The court was thoroughly advised by the pleadings and by the facts. There was nothing further for it to adjudicate so far as this item of the will was concerned, unless a different status should arise, namely, the exhaustion of the estate of Peter Ioor. No appeal was prosecuted from this decree, and if it was a final

decree, the one-year statute of limitations pertaining to appeals (chapter 222, Laws of 1916; section 2476, Hemingway's Code) has long since passed .and had passed when the cross-appeal was attempted to be taken. If this was a final decree, then the chancellor was power-less at subsequent term of the court to modify or in any way change it. The only remedy of the aggreived parties was by appeal. If it was an interlocutory decree, then the chancellor had the power at any time until the final decree to change or modify it in any way. *Cook's Heirs* v. *Bay,* 4 How., 485. In that case the court said:

"A final decree is one which makes an end of the case, and decides the whole matter in controversy, and determines the costs, and leaves nothing further for the court to act on."

In discussing the nature of a final decree and the power of a court at a subsequent term to modify or change it, Judge SIMRALL, in the opinion of the court in *Ledyard* v. *Henderson-Terry Co.,* 46 Miss., 260, said:

"It is conceded by the counsel for the appellees that, if the decree against Dobbs referred to in the motion was 'final,' then there was no power in the court at a subsequent term to set it aside."

We understand counsel for the appellees in the present case to concede the soundness of this rule. In differentiating between a final and an interlocutory decree the same able jurist in the above opinion quotes with approval from Harr. Ch. Pr. 622, the following definition of a final decree:

"When all the circumstances and facts necessary to a complete explanation of the matters in litigation are brought before the court and so fully and clearly ascertained by the pleadings on both sides that the court from them is enabled to collect the respective merits of the parties litigant, and upon full consideration determines between them according to equity and good conscience."

He then quotes this definition of an interlocutory decree: "It is interlocutory when some material fact is either not stated in the pleadings so that the court cannot determine 'finally' and makes a reference or directs an issue, and in the meantime suspends final judgment until the fact is so ascertained as to enable it to pronounce finally."

In the case of *McDonald* v. *McDonald,* 68 Miss., 689, 9 So. 896, the court declined to dismiss an appeal, and there tersely states: "The decree was a final one as to the matters embraced, and enforceable by final process."

In the case before the court there was a final construction of the right of Peter Ioor to be supported out of the estate of Ella Ioor as long as he had sufficient estate of his own. That was a final decision of the matter in controversy. There was nothing reserved by the court for decision. The simple question presented to it was to construe that item of the will, and this it did. The complete relief prayed in the petition was granted by the court. No further action of the court was necessary in regard to this item of the will. It was construed and this construction of the court was final if not set aside during that term. The only remedy left the aggrieved parties was by direct appeal.

In dicussing the difference between a final and an interlocutory decree Judge COOPER, in the opinion in the case of *Humphreys* v. *Stafford,* 71 Miss., 135, 13 So. 865, quotes the distinction laid down by Judge BALDWIN in *Cooke's Adm'r* v. *Gilpin,* 1 Rob. (Va.) 20, as follows:

"Where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, then the decree upon which the question arises is to be regarded not as final, but interlocutory. I say the further action in the cause to distinguish it from that action of the court which is common to both final and interlocutory decrees, to wit, those measures which are necessary for the execution of a decree that has

been pronounced, and which are properly to be regarded as adopted, not in, but beyond the cause, and as founded on the decree itself or mandate of the court, without respect to the relief to which the party was previously entitled upon the merits of his case.''

While this controversy arose during the administration of the estate of Ella Ioor, it was a separate controversy between the residuary legatee, the executor of the estate of Ella Ioor, Peter Ioor, and his guardian, involving the construction of an item of the will. In construing this item the court finally adjudicated the respective rights of the parties relating thereto. This decree was final, and since no appeal was taken from it within one year, this court is powerless to inquire into its correctness. This being the opinion of the court, it therefore follows that it is unnecessary to consider the motion to dismiss the cross-appeal or any questions raised thereby.

*Reversed and remanded.*