Schaberg v. McDonald.

---

KATE SCHABERG, ADMINISTRATRIX OF THE ESTATE OF H. H. SCHABERG, DECEASED, V. JOHN W. McDON-ALD, RECEIVER GERMAN NATIONAL BANK OF LINCOLN, NEBRASKA, SUBSTITUTED IN PLACE OF KENT K. HAYDEN.

FILED SEPTEMBER 19, 1900. No. 10,957.

1. **Claim Against Decedent's Estate:** PRESENTATION FOR EXAMINATION AND ALLOWANCE. A claim against the estate of a deceased person must be presented for examination and allowance to the probate judge or commissioners appointed for that purpose within the time allowed by statute, as fixed by order of the probate court.

2. **Limitation.** The failure to exhibit a claim within the time limited by the court for that purpose forever bars such claim against such estate, either as a demand or as being used as a set-off in any action whatever.

3. ———. Where a claim against the estate of a deceased person is properly presented for examination and allowance within the time limited by order of the probate court, it is not barred, even though action thereon be not taken until after the time mentioned in such order for the presentation of claims against such estate.

4 **Jurisdiction.** The probate judge, or commissioners if appointed, have power and authority to allow a claim against the estate of a deceased person duly exhibited or presented for allowance within the time limited by order of the court, after the expiration of such time limit.

5. **Substitution.** Where, during the proceedings in the trial of a case in the district court, the plaintiff, the receiver of an insolvent bank, dies, and a successor is appointed, and such facts are suggested to the court supported by affidavit, with a request for the substitution of the successor, and defendant files objections to such substitution, *held*, that the issuance of summons or conditional order of revivor was thereby waived, and that upon the hearing of such application and objections a positive order substituting such successor as plaintiff in the action was proper, no sufficient reason why the same should not be done having been shown on the objections raised.

6. **Statute:** PARTY IN INTEREST. Under the provisions of section 45 of the Code, a party may continue as plaintiff in an action, and prosecute the same to final judgment, after he has transferred to another (and during the pendency of the action) his interest in the subject of the controversy.

7. **Stockholders in Insolvent Bank:** RECEIVER, SUIT BY: DEFENSE. It is no defense to a stockholder in an insolvent national bank, who is sued by the receiver on his individual liability upon an assessment ordered by the comptroller of the currency, to say that the receiver has unlawfully disposed of such claim, and that the creditors of such bank will not receive of the proceeds thereof as much as they are entitled to have.

8. **Receiver's Sale:** DEFINITION: FORCE AND EFFECT. A sale made by a receiver of a national bank under an order of a court of competent jurisdiction is a judicial sale, and the approval thereof by the court has the force and effect of a judgment, and such proceedings are not subject to collateral attack.

9. **Jurisdiction of U. S. Court.** The United States circuit court having jurisdiction over a receiver and questions growing out of the administration of the assets of an insolvent bank, this court will not interfere with such jurisdiction or the carrying out of its orders and judgments.

10. **Authority of Receiver.** A receiver has authority to institute proceedings and collect assessments ordered by the comptroller of the currency against stockholders of an insolvent national bank on their individual liability, and satisfaction of a judgment obtained in such proceedings satisfies and obliterates the obligation, regardless of the disposition made of the proceeds of such assessment by the receiver of such national bank.

ERROR to the district court for Lancaster county. Tried below before CORNISH, J. *Affirmed.*

*F. A. Boehmer* and *George E. Tobey,* for plaintiff in error.

*Walter J. Lamb, contra.*

HOLCOMB, J.

It is contended by the administratrix, plaintiff in error, that the claim against the estate she represents was allowed by the probate court without jurisdiction, and is void because the order of allowance was entered after the time fixed by statute and the order of the court for the presentation of claims against the estate for adjustment and allowance has expired. It is admitted that the claim against the estate was presented and filed in court for allowance within the time limited. The record before us shows not only the presentation and filing of the claim before the expiration of the time allowed for such purpose, but also the interposition of objections by the administratrix against its allowance. After the claim was filed and objections to its allowance entered, for some reason not appearing from the record, which to us seems inexplicable, the case remained unheard in the probate court for an unreasonable period of time, when it was finally adjudged to be a just claim and indebtedness against the estate, and accordingly approved and allowed.

We can not agree with contention of counsel that this delay in the time of hearing the claim barred it under the provisions of law fixing the time in which claims are to be presented for examination and allowance. We do not think a fair interpretation of the statute warrants the conclusion that the claim must not only be presented, but in fact approved and allowed, within the time fixed in the notice for the presentation of claims against an estate. What the law does require is that a claim shall

be presented for adjustment and allowance within the time limited, or else it is barred by the statute. This has been the purport and effect of the rulings of this court heretofore in construing the statute referred to. *Huebner v. Sesseman*, 38 Nebr., 78; *Stichter v. Cox*, 52 Nebr., 532.

From an examination of the different sections of the statute bearing on the matter, we are led to the conclusion that a claim presented in time may properly be acted upon and allowed by the probate court, even though the time has passed for the presentation for allowance of such claims. It is provided by section 214, chapter 23, Compiled Statutes, that "it shall be the duty of the probate judge to receive, examine, adjust and allow all claims and demands of all persons against the deceased, giving the same notice as is required to be given by commissioners in this subdivision."

Section 217 reads as follows: "The probate court shall allow such time as the circumstances of the case shall require for the creditors to present their claims to the commissioners for examination and allowance, which time shall not, in the first instance, exceed eighteen months, nor be less than six months, and the time allowed shall be stated in the commission."

Section 223 reads as follows: "At the expiration of the time limited, or as soon thereafter as they shall have time to complete the hearing of the claims presented, the commissioners shall make up a report of their doings to the probate court, embracing lists of the claims presented or exhibited in set-off, and stating how much was allowed and how much was disallowed, together with the final balance, whether in favor of the creditor or the estate, and the report shall state particularly the manner of giving notice to the claimants."

Section 226 reads as follows: "Every person having a claim against a deceased person proper to be allowed by the judge or commissioners, who shall not, after the giving of notice as required in the two hundred and four-

teenth section of this chapter, exhibit his claim to the judge or commissioners, within the time limited by the court for that purpose, shall be forever barred from re-covering such demand or from setting off the same in any action whatever."

Other sections provide for an appeal and the hearing thereof. It will be noticed that by section 223, quoted above, it is clearly contemplated that the commissioners may hear and determine controverted claims pending be-fore them after the time limited for filing claims has expired. This same authority doubtless rests in the pro-bate judge, in the absence of the appointment of a com-mission. The statute makes no exception for delays caused by litigation over disputed claims, and to give to the section the construction contended for would irrevo-cably bar all claims which, by reason of litigation, or otherwise, were not approved within the time limited. While in some states such claims are required to be pre-sented and proved within a specified time, this grows out of specific provisions of statute; and where such is re-quired, exceptions are made as to claims in litigation, and usually proceedings in equity are permissible for the purpose of establishing a meritorious claim not pre-sented and proven within the required time.

As we understand the language of section 226, it is a claim that is not exhibited to the judge or commission, i. e., presented to them in due form for allowance within the prescribed time, that is barred, and not one which, presented in time but because of a controversy, was not finally adjusted until after the time mentioned. In this case, the claim was filed for allowance within the proper time, objections were interposed, and the hearing con-tinued from time to time as heretofore stated. We think the claimant brought himself within the provisions of the statute in properly filing his claim with the probate judge for allowance, and that the delay resulting from the controversy over its merits did not deprive the judge of power and authority to act when action was finally

36

taken and the claim allowed. The order of the probate court barring claims against the estate applied only to those not presented for examination and allowance within the time fixed by a former order, and did not apply to claims duly presented and then pending, awaiting final determination. The contention of administratrix in this respect can not be upheld.

It is next urged that error was committed in the trial of the case on appeal to the district court in entering an order of substitution or revivor in the name of McDonald as the successor of Hayden, receiver of the German National Bank. The claim against the estate was presented and prosecuted to that point by Hayden as receiver of the said bank, then insolvent, for an assessment on stock held by the deceased at the time of the failure of the bank. After the case had been appealed to the district court by the administratrix and issues formed by the pleadings, it was suggested to the trial court, by affidavit, that the receiver, Hayden, had recently died, and that McDonald had been appointed receiver as his successor, and asked that McDonald be substituted as plaintiff in the proceedings. The exact nature of the proceedings does not appear from the record, and no conditional order of revivor appears to have been entered or supplemental proceedings filed by the new receiver showing his right to be substituted as plaintiff. One of the two methods should ordinarily be followed. *Missouri P. R. Co. v. Fox*, 56 Nebr., 746; *Rakes v. Brown*, 34 Nebr., 304; *Fox v. Abbott*, 12 Nebr., 328. The record, however, shows that the administratrix appeared and filed objections to the substitution requested, and that, on the hearing of the application and objections, the objections were overruled, and McDonald ordered substituted as the plaintiff in the action. The appearance and filing objections would be a waiver of the issuance of summons or conditional order of revivor, and the court thereby acquired jurisdiction over the parties and was authorized to pass upon the application. The objections were simply open

statements, unsupported by affidavit or otherwise, and, while formally denying the appointment of McDonald, were principally directed to the claim of the defendant that, the receiver having sold the assets of the bank, there was nothing further to be done and no trust to execute, and that no receivership in fact existed. The suggestion of the death of the receiver and the appointment of a successor having been supported by affidavit, and objections having been interposed, it became the duty of the defendant to show some sufficient cause why the action should not be revived in the name of the successor of the deceased person, and having failed to do this, the court was authorized to enter the positive order as prayed for. *Missouri P. R. Co. v. Fox, supra.* Since the order of substitution, all subsequent proceedings have been in the name of McDonald, receiver, as successor of Hayden, the original plaintiff. Although the proceedings on the suggestion of the death of the plaintiff receiver, and the appointment of his successor, in whose name it was asked to have the action proceed, were informal and irregular, we think that when the final order was made all parties were properly before the court, and that its action was based upon a sufficient showing and should now be upheld. The second objection is, therefore, not sustained.

Lastly, it is urged that the judgment can not be sustained because it was made to appear that during the pendency of this action in the district court, the claim which was the subject-matter of the controversy had been by the receiver, upon an order of the United States district court, with other assets of the bank, sold to a third party, and the receiver no longer had any interest in the controversy; also, that a claim or demand of this character, being in the nature of a trust fund for the benefit of all the creditors of the bank, was not the subject of sale and transfer, nor could it be compromised or compounded. By the stipulated facts it appears that upon an order of the judge of the circuit court for the

district of Nebraska the receiver was ordered to dispose
of all of the remaining assets of the bank, "including
choses in action for assessments upon stockholders or
judgments obtained upon liability of stockholders"; that
in pursuance of such order the claim in controversy was
by the receiver sold to one Schlesinger for the sum of
$115, being about one-fifth of its face value.

Under the provisions of section 45 of the Code, the
right of the receiver to continue as the plaintiff in the
action is established, notwithstanding the sale of his in-
terest in the subject of the controversy. It is there pro-
vided in plain terms that "in case of any other transfer
of interest, the action may be continued in the name of
the original party, or the court may allow the person to
whom the transfer is made, to be substituted in the ac-
tion." *Dodge v. Omaha & S. W. R. Co.*, 20 Nebr., 276. The
transfer of the claim in controversy comes within the
provisions of the part of the section quoted.

As to the claim of the administratrix, that the money
due on the claim in controversy is a trust fund for the
benefit of creditors and that such claim can not be
sold, transferred, compounded or otherwise disposed
of, but must be collected and the proceeds distributed
among the creditors, it seems to us that this con-
tention, conceding it to be correct, can not be urged
successfully as a defense to this action. It is not
a defense to the stockholder's individual liability to say
that if his assessment is paid, the creditors of the bank
will not receive of it all they are entitled to. The prin-
ciple sought to be applied is for the benefit of the cred-
itors of the bank in a proper case, and is not available as
a defense by a shareholder to thereby escape liability on
his assessment. The alleged transfer in nowise changes,
increases or lessens the liability of the estate. If it be
true that the sale is void for the reasons urged, then the
right of the receiver to collect the money for the benefit
of the creditors remains unquestioned, and if the sale
be valid, the authority of the receiver to continue as

plaintiff is given by the statute referred to. If such sale is irregular or voidable only, then it is to be treated as a valid sale until, by proceedings in the proper tribunal whence the order of sale emanated, the irregularity is corrected. In no view of the case is it a matter which vitally concerns the stockholder who is liable for the assessment, or materially affects the merits of the obligation resting upon him under his shareholder liability. It becomes a material and vital question only as between the creditors and the receiver of the bank who administers the insolvent estate for their benefit, and the rights and obligations of these parties can not be tried in the present suit.

A sale made by a receiver of a national bank under an order of a court of competent jurisdiction is a judicial sale, and approval thereof by such court has the force and effect of a judgment, and such proceedings are not subject to collateral attack. *In re Third Nat. Bank*, 9 Biss. [U. S.], 535; *Bradly v. Williams & Co.,* 3 Hughes [U. S. C. C.], 26; *Libby v. Rosekrans*, 55 Barber [N. Y.], 202; *Greeley v. Provident Savings Bank*, 103 Mo., 212; *Koontz v. Northern Bank*, 16 Wall. [U. S.], 196.

The United States circuit court having jurisdiction over the receiver and the questions growing out of the administration of the assets of the insolvent bank, this court will not interfere with such jurisdiction, or the carrying out of its orders, judgments and decrees. *Mead v. Weaver*, 42 Nebr., 149; *Hough v. Stover*, 46 Nebr., 588; *Tzschuck v. Mead*, 47 Nebr., 260; *Prugh v. Portsmouth Savings Bank*, 48 Nebr., 414; *Central Nat. Bank v. Stevens*, 169 U. S. 432.

It is urged that the claim having been, as claimed, illegally sold, payment by the estate would not release it from future demands by the creditors of the bank upon the same assessment. The claim is founded upon an assessment ordered by the comptroller of the currency upon the stock of the insolvent bank, owned by the deceased. It was presented and filed against the estate

because of the liability thus owing. The litigation following is for the purpose of testing such liability and none other. Its satisfaction upon final judgment would, in fact and upon principle, absolve the estate from any further liability. The liability of the estate can not be enlarged or diminished by the application made by the receiver of the proceeds derived therefrom. The order of the comptroller directing the assessment is conclusive. *National Bank v. Case*, 99 U. S., 628. The right of the estate to a discharge from such liability is all it is entitled to. The receiver's authority to institute the proceedings and enforce payment is unquestioned, and a satisfaction of a judgment obtained in such proceedings would obliterate the obligation, regardless of the disposition made by the receiver of the proceeds of such assessment. *Scott v. Armstrong*, 146 U. S. 499; *Kennedy v. Gibson*, 8 Wall. [U. S.], 498; *Stanton v. Wilkeson*, 8 Ben. [U. S. D. C.], 357.

No reversible error appearing from the record, the judgment of the trial court is

AFFIRMED.