IN RE ESTATE OF ANNA L. BREUER, DECEASED. KARL BREUER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ANNA L. BREUER, DECEASED, ET AL., APPELLEES, v. FRED J. CASSIDY ET AL., APPELLANTS.

54 N. W. 2d 75

Filed June 13, 1952. No. 33145.

*Fred J. Cassidy* and *Max Kier,* for appellants.

*Merle M. Runyan,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a decree of the district court for Custer County confirming the final account of the

administrator in the estate of Anna L. Breuer, deceased, on appeal from the county court of such county.

The appellee contends that the issues sought to be litigated in this court were not raised properly by the parties appealing. In this respect the record shows that the appellants and appellees entered into a signed stipulation appearing in the record wherein it was stipulated "that the above matter may be tried to the Court without a jury, on the issues presented by the claim of Karl Breuer, report and final account of Karl Breuer, administrator, the objections filed to said claim and said report and final account, and the order of November 8, 1949, designated as final decree, and that it shall not be necessary to file additional pleadings to present said issues, unless it shall be so ordered by the District Court of Custer County, Nebraska." All the issues raised by this appeal were raised in the district court by one or more of the appellants. The district court had jurisdiction of the issues on the appeal and the stipulation removes the technicalities of pleading of which the appellants complain.

This appeal involves the correctness of the court's rulings on (1) the claim of Karl Breuer for $589.03, (2) the amount of administrator's fees allowed, (3) the amount allowed as attorney's fees, and (4) the items set forth in the administrator's final account. We shall dispose of these matters in the order listed.

The record shows that Anna L. Breuer died intestate on March 30, 1949, leaving as her sole heirs her brother, Frederick W. Blummer, and her sister, Mary Jahn. The latter subsequently passed away, and the administrator of her estate and her heirs-at-law, or some of them, are the appellees herein. On June 8, 1949, Karl Breuer was appointed administrator of Anna L. Breuer's estate and letters of administration were issued on June 10, 1949. The time fixed for filing claims was September 27, 1949. The claim of Karl Breuer was filed on September 3, 1949. The final account of the administrator

was filed on October 17, 1949, and a final decree approving it was entered on November 8, 1949.

It also appears that John D. Breuer, the husband of Anna L. Breuer, died on January 11, 1949, leaving a will in which Anna L. Breuer was designated as sole beneficiary. After Anna L. Breuer renounced her appointment as executrix of her husband's estate, Karl Breuer, her husband's brother, was appointed administrator with will annexed. On March 21, 1949, Karl Breuer filed a petition for the appointment of a guardian for Anna L. Breuer, who died before further action was taken thereon. On May 16, 1949, Karl Breuer was appointed special administrator of the estate of Anna L. Breuer, and he filed his final account as such on June 8, 1949, the date of his appointment as administrator of the estate of Anna L. Breuer. He was discharged as special administrator on June 13, 1949.

The record shows that Karl Breuer filed a claim against the estate in the amount of $589.03. The record does not reveal that this claim was ever allowed except as a credit to Karl Breuer in his report and final accounting as administrator of the estate. The final account was approved by the county court for Custer County on November 8, 1949. The claim contains a number of items which in substance were as follows: Mileage for trips from his home to the home of the deceased prior to her death; mileage and expenses for a trip to Lincoln to see the brother of deceased before her death; and compensation for laundry work and for miscellaneous items purchased for the home, including a grocery bill, all incurred during the lifetime of the deceased. In a second group of items in the claim were those incurred after the death of Anna L. Breuer on March 30, 1949, and prior to the appointment of Karl Breuer as special administrator on May 16, 1949, and are generally described as follows: Mileage, expenses, and compensation for Karl Breuer and his wife for cleaning up the house after the death of Anna L. Breuer;

amounts paid for nonprofessional care of the deceased during her last sickness; amounts paid himself and others in repairing a house for rental purposes which belonged to the estate; and a general item for 11 days work at $7.50 a day, alleged to be for work not otherwise included in the claim.

As to the first group consisting of items accruing in her lifetime, we fail to find any basis for their allowance as valid claims against the estate of Anna L. Breuer. There is no agreement established showing that the deceased agreed to pay the mileage claimed for traveling to and from his home, or in making the trip to Lincoln. The most that the record shows is that two witnesses testified that they heard the deceased ask Karl Breuer shortly before her death if he would attend to her business and that he responded in the affirmative. Such an understanding, even if made, does not contemplate the payment of the mileage and expenses here claimed. It is evident that these items were intended to be gratuitous at the time they were incurred and that there was no mutual expectation by claimant and decedent that the expenses here claimed were to be paid for. Such services are usually rendered by members of the family in times of emergency without any intention of making claim therefor. Compensation for such services must be based on an agreement to pay, express or implied, which is established by a preponderance of the evidence. The record in this case does not sustain any such agreement. As to the claim for the grocery account and other miscellaneous items paid with his own funds during the lifetime of Anna L. Breuer, they are not allowable for another reason. Our statute provides that "Every person having a claim or demand against the estate of a deceased person who shall not after the giving of notice as required in section 30-601 exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or setting off the same

in any action whatever." § 30-609, R. R. S. 1943. The persons holding the obligations against the estate filed no claim therefor, and it is fundamental that an administrator may not waive the defense of nonclaim. The claimant here took no assignment of the claims in question and has therefore failed to show, as a matter of law, that he was the owner of any claim against the estate for these items. When he personally paid these claims he was a volunteer and nothing more. He was not authorized to pay claims of Anna L. Breuer during her lifetime. At most, he was but an agent who might obligate his principal in her lifetime. But any claims thus incurred must be filed in the same manner as if she contracted them herself. Reasons of public policy demand that claims against the estates of deceased persons be filed by the owners thereof within the time prescribed by law, that the administrator scrutinize them as to their correctness and object to those appearing to be improper in whole or in part, and that they be paid only after they have been allowed by the county court. The account of the administrator will be surcharged with the amount of these items which the record shows to be $129.22.

As to the second group, consisting of items which accrued after the death of Anna L. Breuer and before the appointment of Karl Breuer as special administrator, a different rule is applicable. During this period Karl Breuer was an intermeddler in the estate of Anna L. Breuer. If the estate demanded immediate handling, the provisions of our statute providing for the appointment of a special administrator afford an adequate remedy. No claim is here made that all the assets of the estate have not been accounted for. Under such circumstances Karl Breuer was, strictly speaking, an intermeddler and not chargeable as an executor de son tort. 34 C. J. S., Executors and Administrators, § 1063, p. 1359 et seq. Where one takes possession of the assets of an estate, without authority to do so, he will be held liable therefor as an

executor de son tort. The expression is used as a basis of fixing liability and it does not have the effect of making one a de facto executor. The assets of the estate of Anna L. Breuer are properly accounted for and consequently any rules of law applicable to an executor de son tort have no application here. See Gilbert v. First Nat. Bank, 154 Neb. 404, 48 N. W. 2d 401. It is clear from the record that Karl Breuer had no authority to meddle or interfere in the estate of Anna L. Breuer until he was appointed special administrator on May 16, 1949. Prior to that time he was a stranger to the estate, bound by the same rules as any other third person. He could, of course, have purchased claims by assignment during this period, subject to their subsequent approval in a proper proceeding by the county court. But he had no authority to pay off such claims and assert them as a part of a claim of his own merely on the basis that he had voluntarily paid them. Such claims must be filed, proved, and their ownership established in the same manner as is required of any other creditor. This he did not do. The fact that he was later appointed administrator gives him no rights not possessed by any other creditor. The evidence does not show that the claims were properly made or that Karl Breuer became the assignee thereof. To permit the allowance of claims in the manner here described would amount to a circumvention of the powers of the county court to pass upon their validity in the manner that applicable statutes provide. That part of the claim of Karl Breuer which accrued after the death of Anna L. Breuer and before the appointment of Karl Breuer as administrator of her estate is not valid, and he will be surcharged with $443.73, the amount thereof.

The appellants contend that Karl Breuer was allowed an excessive administrator's fee, the amount being $600. The evidence shows that total cash receipts coming into his hands as administrator amounted to $5,217.32. There was also a real estate mortgage in the amount of $5,650.

The total personal property in the estate therefore amounted to $10,867.32. The commission allowed an administrator on this amount in the absence of extraordinary services is $267.35. § 30-1412, R. S. Supp., 1949. An examination of the evidence shows that no extraordinary services were performed by the administrator. Those claimed to be such were the services required of an administrator in the common course of his duty. The final account of the administrator will therefore be surcharged by the excess commission charged in the amount of $332.65.

The administrator paid out attorney fees and expenses to R. E. Brega in the amount of $967.19, without an order allowing same by the county court. The sum was approved subsequently by the county court when it approved the final account of the administrator. Any payment made in advance of allowance is subject to the approval of the county court and, if finally disapproved in whole or in part, the administrator will be surcharged with the excessive payment. The evidence sustains the findings of the trial court in the allowance of attorney fees and expenses, except as to the allowance of $100 for filing a guardianship proceeding against Anna L. Breuer in her lifetime. No claim was ever filed against her estate within the time fixed for filing claims. But in any event, it was not an obligation contracted by Anna L. Breuer in her lifetime, nor one for which her estate could be held liable. No basis exists for the allowance of this $100 out of the estate of Anna L. Breuer, and the administrator will be surcharged with this $100.

The appellants contend that the report and final account of the administrator credits the administrator with items for which the estate is not liable. The administrator takes credit for the amount of $16.95 which he paid to Lonnie Swisher for fuel oil and for $4.75 he paid to Rufus Twist for repairing a stove. He also takes credit for $57 which he paid Dr. E. H. Reeves for services rendered Anna L. Breuer in her last sickness. These

items accrued in the lifetime of Anna L. Breuer and were paid by the administrator on July 13, 1949. Claims for these items were never filed. The administrator merely paid the claims and took credit for the same in his final account. This he cannot lawfully do. An administrator is not entitled to credit for payment of provable claims against the estate which originated before the decedent's death and which were not filed and allowed as required by law. Administrators cannot waive the defense of nonclaim nor circumvent the functions of the county court in auditing and allowing claims against the estates of deceased persons before their payment. Huebner v. Sesseman, 38 Neb. 78, 56 N. W. 697; Estate of Fitzgerald v. First Nat. Bank of Chariton, 64 Neb. 260, 89 N. W. 813; Schaberg v. McDonald, 60 Neb. 493, 83 N. W. 737. The final account of the administrator will be surcharged with the three items here discussed amounting to $78.70. Other contentions of appellants concerning the correctness of the final account are not sustained. The evidence is not sufficient to show that such credits had not been allowed as proper claims, or that the mileage and other expenses claimed were not proper charges against the estate.

In the settlement of an estate an administrator is merely the agent and trustee of the decedent. He possesses only such powers as are granted to him by statute and he must discharge the trust subject to all the limitations imposed upon him. He may not treat the property of the decedent as his own without peril to himself. He must comply with applicable statutes and he may not waive them as to others claiming an interest in the estate, either as creditor or beneficiary. He must account to the county court and obtain approval of his acts. Volunteers and intermeddlers in estates of deceased persons are liable for any loss accruing to the estates resulting from their acts. An executor or administrator becomes liable for his wrongful acts while serving in such capacity. These general rules apply be-

cause the decedent is not present to protect the interests of his estate. The law undertakes to do it for him and the responsibility of applying it in the first instance is lodged in the county courts of this state. This function is an important one and should be discharged strictly in compliance with applicable statutes. Unless this be done, the estates of deceased persons will become the prey of unscrupulous persons and defeat the intention of legislative enactments on the subject.

The judgment of the district court is reversed and remanded with directions to surcharge the final account of the administrator in the sum of $1,084.30 in accordance with the findings of this opinion. The costs of this appeal will be taxed against Karl Breuer personally in accordance with our holding in In re Estate of Jurgensmeier, 145 Neb. 459, 17 N. W. 2d 155, wherein we stated the general rule to be that a representative of an estate is personally liable for costs when he unsuccessfully appeals in his own interest from a settlement of his final account, or when an appeal is successful because of his fault or misconduct.

REVERSED AND REMANDED WITH DIRECTIONS.