HELENE MEYER, SPECIAL ADMINISTRATRIX FOR HARVEY
MEYER, DECEASED, ET AL., APPELLEES, V. BERNARD D. MEYER
ET AL., APPELLANTS.
142 N. W. 2d 922

Filed June 3, 1966.   No. 36231.

Richard L. Kuhlman and Ray C. Simmons, for appellants.

Lyle B. Gill, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and RONIN, District Judge.

RONIN, District Judge.

This is an action in equity wherein plaintiffs seek

specific performance of an alleged oral contract for the conveyance of the 160-acre home farm of the parties. This is a family controversy arising immediately after the accidental death of the only son of the Meyer family on January 15, 1963.

The facts essential to an understanding and disposition of the issues of this case are these: The defendants Bernard D. Meyer and Anna Meyer are husband and wife and the parents of five children, four of whom were daughters and constitute the remaining four defendants herein. All daughters were married and had left the home farm prior to the marriage of their brother, Harvey, who was the only son of Bernard and Anna. Bernard had owned and operated a 300-acre farm in Dodge County, Nebraska. Until his marriage at age 23 Harvey lived at home and farmed for his father without wages other than his keep and spending money. Harvey married Helene on January 20, 1938, and they lived on the home farm of 160 acres and farmed another adjoining 40-acre tract. Bernard and Anna moved at that time to the improvements on the remaining 100-acre tract. There was a close relationship between father and son and the father considered his son a good farmer. Harvey and Helene lived on the home place continuously for 25 years until the unfortunate accidental death of Harvey on January 15, 1963. Plaintiffs Lowell Meyer, Layne Meyer, and Lowene Meyer Uehling are the children of Harvey and Helene who survived him. Helene Meyer is also named plaintiff as an individual as well as in her capacity as special administrator of the estate of Harvey Meyer, deceased.

Plaintiffs allege in their petition that at the time of his death, Harvey had an oral contract with defendants Bernard D. Meyer and Anna Meyer, by the terms of which the said defendants were required to convey their interest in the home farm of 160 acres together with an adjoining strip of land comprising the windbreak for the farm house. In consideration of said promise of his

parents, Harvey agreed to continue to live on and to farm the land and further agreed to pay said defendants $17,600, which time of payment had been determined prior to Harvey's death to be March 1, 1963.

The trial court in its judgment entered after trial canceled the deed from Bernard and Anna to the four Meyer daughters and ordered specific performance of the oral contract by the defendants Bernard and Anna as to the 160-acre farm, but not including the adjoining windbreak tract. The conveyance was conditioned upon payment of the plaintiffs of the sum of $17,600 to the clerk of the district court for the said defendants. A showing was made that payment of this sum was made by plaintiffs. The motion for new trial filed by defendants was overruled by the court and the defendants thereafter perfected their appeal to this court.

In an action brought for specific performance of an alleged oral contract to convey land, the proof as to the alleged oral contract must meet the exacting test as to the quality of being clear, satisfactory, and unequivocal. Lunkwitz v. Guffey, 150 Neb. 247, 34 N. W. 2d 256; Overlander v. Ware, 102 Neb. 216, 166 N. W. 611. The principal issue in this lawsuit is whether the provisions of the oral contract in the instant case comply with the strict burden of proof required. We hold that it does.

A more detailed narration of the facts here is necessary for an understanding of the determination of this controversy. The record discloses that Harvey Meyer exercised complete control over the home place, being the southeast quarter of Section 22, Township 20 North, Range 7 East of the 6th P.M., Dodge County, Nebraska, from the time he assumed full possession in 1938 to the time of his death. In 1943 he built a large machine shed and later a dairy barn. He put in corn cribs with concrete bases and made general repairs to the house, buildings, and fences. He hired and paid contractors to do work, and used repairs as a deduction on his federal

income tax returns. In 1959 he had the land appraised for loan purposes. Exhibit 4 is an aerial photograph of the farm house with extensive and substantial improvements, most of which were constructed or substantially repaired by Harvey. The record shows that Bernard Meyer spent very little money on the place and gave Harvey a free hand in his farm operations.

Plaintiffs placed in evidence a 1943 check in the sum of $4,000 from Harvey to Bernard which they state was in full payment of all personal property and farm equipment of Bernard that Harvey purchased from his father in 1938.

These investments and operations of Harvey on the home farm were with the approval of his parents and support the contentions of the plaintiffs of an agreement that Harvey was eventually to have the home farm, rather than that of the usual landlord-tenant relationship which the defendants assert herein. In 1940 Harvey and Bernard entered into a formal written 1-year lease. In this regard plaintiffs' evidence is that by the provisions of the oral contract Harvey was to continue paying his parents on a rental basis until his father requested payment of the agreed sale price of $17,600, which sum represented the 160-acre home farm at $110 per acre. The lease entered into by and between the parties is not inconsistent with the alleged oral agreement of the parties to sell the premises.

Subsequent actions of the defendants after Harvey's death denote a complete change in their plans for future ownership of the home farm. On March 1, 1963, a written 1-year lease was prepared by Bernard Meyer which Helene Meyer executed at his request. On July 8, 1963, Bernard and Anna executed a deed to their entire 300-acre farm, which included the home farm, to their four daughters. Plaintiffs were not informed of this conveyance until they saw the account of it in the newspaper and after they had received a notice to quit on August 27, 1963. In September 1963, the plaintiffs

testified they called on Bernard and Anna at their home in Scribner for the purpose of discussing the alleged oral agreement that Harvey had with his parents.

Plaintiffs testify as to certain admissions made to them by Anna, but that Bernard became nervous and stated he might have a heart attack. It is noted that the defendants Bernard and Anna did not testify at the time of trial except by deposition. Bernard testified that he did not recall plaintiffs visiting him in September 1963. Anna remembered the visit, but stated that the farm was not discussed. In March 1964, after service of a 3-day notice to vacate, a complaint in forcible detention was brought by Bernard Meyer on April 14, 1964. On April 27, 1964, the present action was filed by plaintiffs.

All the plaintiffs except the youngest son, Layne, testified as to admissions of the defendants as to existence of the alleged oral contract between Harvey and his parents. Henry A. Gunderson, who had served as Harvey's attorney in the past, testified that Bernard and Harvey came to his office in about 1958 to consult with him as to how to annex the windbreak area to the home farm; that Bernard told him that he wanted Harvey to have the windbreak tract as well as the home farm; and that Harvey was his only son and that was why Harvey could build improvements just the way he wanted them. · Ray L. Schulze testified that he was an appraiser for the Federal Land Bank and that Harvey had him appraise the home farm for loan purposes in 1959. Earl Fauss also testified that he was a general contractor and had built the machine shed, crib, and granary, closed in the porch, and had done other work in the farm house for Harvey from 1945 to 1947.

The only defendant to testify at the time of trial was Irene Havekost, daughter of Bernard and Anna, who was present at the time Helene signed the lease at Bernard's request. She denied the testimony of Helene as to the fact that the papers were to be in Harvey's name. The depositions of Bernard and Anna, who were

85 and 81 years of age at the time of trial, were read into evidence. The county clerk identified the 1940 farm lease between Bernard and Harvey. No further evidence was offered by defendants.

Defendants contend that it is incumbent upon the plaintiffs to prove acts of part performance which relate solely to the oral contract to be enforced by specific performance. § 36-106, R. R. S. 1943; Gerard v. Steinbock, 169 Neb. 828, 101 N. W. 2d 194. We agree as to this statement of the law, but hold that plaintiffs have proved acts of part performance necessary to be entitled to specific performance of the oral contract, to the extent that its nonfulfillment would amount to a fraud on them. Herbstreith v. Walls, 147 Neb. 805, 25 N. W. 2d 409. Harvey remained in possession and farmed the home place for his parents for 25 years in compliance with his oral agreement with his parents. It is to be noted that the agreement for the sale price of the farm at $110 per acre was not nearly the bargain in 1938 as it obviously is at the present time. The fact that Harvey made extensive permanent improvements at his expense and far in excess of those of the usual farm tenant indicates his reliance on the agreement with his parents rather than its actual performance. His management of the farm was never interfered with or questioned, and the entire actual circumstances of the relationship of the parties over a 25-year period are not that of an ordinary farm tenancy, but that of the right to ownership as well. Cobb v. Macfarland, 87 Neb. 408, 127 N. W. 377.

Another assignment of error of the defendants is that an oral contract by a husband and wife to convey homestead land is void as provided in section 40-104, R. R. S. 1943. This issue was not asserted by defendants in the district court and they will not be heard in this court to urge that defense. O'Connor v. Waters, 88 Neb. 224, 129 N. W. 261. In this connection it is significant that plaintiffs' evidence is to the fact that in 1955 the oral agreement of the parties was modified at the request of

Bernard to reduce the acreage involved from the 200 acres that Harvey was farming since 1938 to the 160 acres of the home farm. At this time the evidence is quite clear that Bernard and Anna no longer had a homestead interest in the home farm; in fact it is manifest that they abandoned it at the time of the marriage of Harvey and Helene. Martin v. Norris Public Power Dist., 175 Neb. 815, 124 N. W. 2d 221.

We concur in the finding of the trial court that the windbreak tract was not included within the provisions of the oral contract to convey real estate. There is nothing in the record as to the exact size, location, or legal description of the windbreak tract and we hold that this later alleged modification of the provisions of the oral contract fails to comply with the necessary burden of proof.

Defendants assign as error that the district court had no jurisdiction in this case because of a defect of parties plaintiff, for the reason that Helene Meyer in her capacity as special administrator was not a proper party. In this connection section 30-318, R. R. S. 1943, authorizes a special administrator to commence and maintain suits and shall preserve the assets of the estate for the executor or administrator who may afterwards be appointed. It is clear that Helene Meyer had the power to initiate this litigation.

Section 30-321, R. R. S. 1943, provides that the power of the special administrator shall cease upon granting letters testamentary or of administration "and the executor or administrator may be admitted to prosecute to final judgment any suit commenced by such special administrator." We reject this assignment of error by defendants as the record does not disclose any general administrator or executor has ever been appointed, and by construction of the foregoing statutes the power of the special administrator herein is a continuing one until legally substituted for or terminated.

Defendants assign as error the determination of heir-

ship and the interests of the plaintiffs in the real estate in issue by the district court, it being a matter for determination exclusively by the county court. The first six paragraphs of plaintiffs' petition pertaining to the interests of plaintiffs in the property of Harvey Meyer, deceased, were expressly admitted by defendants' answer and therefore stand judicially admitted as far as the parties to this action are concerned, and the defendants are in no position to make complaint herein. A court of equity having obtained jurisdiction of a cause will retain it for all purposes, and render such a judgment as will protect the rights of the parties before it. Hackbarth v. Hackbarth, 146 Neb. 919, 22 N. W. 2d 184.

This is an action in equity and the law requires this court on appeal to try the issues of fact complained of de novo and to reach an independent conclusion without reference to the findings of the district court. This review and examination of the record is subject to the rule that when evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite. Lortscher v. Winchell, 178 Neb. 302, 133 N. W. 2d 448; Stibor v. Farrell, 177 Neb. 437, 129 N. W. 2d 449.

For the reasons stated, the action of the district court was correct and is affirmed.

AFFIRMED.