EDWARD J. FEHRS, DECEASED, AND VIOLETTE FEHRS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2748-75. Filed November 18, 1975.

*William A. Cromartie, Douglas L. Barnes,* and *Francis O. McDermott,* for the petitioners.

*Howard J. Kalson,* for the respondent.

OPINION

WILES, *Judge:* The issue herein is whether we have jurisdiction with respect to Edward J. Fehrs, deceased. Upon respondent's motion to dismiss the petition with respect to Edward J. Fehrs, deceased, for lack of jurisdiction, a hearing on the motion was held and memoranda were filed by the parties.

The relevant jurisdictional facts are brief. Edward J. Fehrs (sometimes hereinafter decedent) died on November 18, 1973. He resided at that time in Douglas County, Neb.

Decedent left no property subject to probate. His jointly owned property passed to Violette as surviving spouse and his remaining assets were held in two irrevocable trusts for which probate was unnecessary.

The County Court of Douglas County has jurisdiction over the estate of a decedent who resided there at date of death. The daughters of Edward J. and Violette Fehrs, Elizabeth A. Fehrs May and Mary Jane Vlcek, were designated executrices in the final will lodged with that court, but no estate was opened and no letters testamentary or of administration were granted with respect to decedent in that court, and neither daughter ever qualified or was appointed as executrix. A proceeding was filed there, however, for the limited purpose of determining State inheritance tax with respect to decedent.

Respondent was advised of these facts; he accordingly asserted transferee liability against the two trusts created by decedent representing the joint liability in controversy herein. See docket No. 2741-75, *Edward J. Fehrs Marital Trust,* and docket No. 2747-75, *Edward J. Fehrs Non-Marital Trust,* filed concurrently with the petition herein. The United States Estate Tax Return, Form 706, filed for the deceased indicates that his assets at date of death consisted of joint tenancy property and property held in trust, for which probate was unnecessary for transfer of title. That form states that there was "no probate" for Edward J. Fehrs, deceased.

A joint notice of deficiency addressed to "Edward J. and Violette Fehrs" was mailed on December 27, 1974. The petition herein was filed on March 26, 1975, in the names of "Edward J.

Fehrs, Deceased, and Violette Fehrs." The petition was signed by attorneys for petitioners herein; no showing was made that an administrator or executor for Edward J. Fehrs had been appointed under Nebraska law.

On May 27, 1975, respondent filed a "Motion to Dismiss for Lack of Jurisdiction as to Edward J. Fehrs, Deceased, and to Change Caption." Petitioners filed a memorandum in response to that motion on June 27, 1975, and a hearing on the motion was held on July 2, 1975. At that hearing respondent's motion was denied without prejudice. It was ordered that petitioners have a representative appointed for the Estate of Edward J. Fehrs for the purpose of representing the deceased before this Court, or, in the alternative, that petitioners notify the Court why such a representative could not be appointed. On September 5, 1975, petitioners filed a supplemental memorandum in opposition to respondent's motion to dismiss which asserted that appointment of a special administrator would be "impractical and unnecessary." On September 26, 1975, respondent filed a memorandum in opposition to the supplemental memorandum.

The issue is thus whether Edward J. Fehrs, deceased, is a party over which this Court has jurisdiction. The burden of proving that this Court has jurisdiction is upon petitioner. *National Committee to Secure Justice, Etc.,* 27 T.C. 837, 839 (1957); *Louisiana Naval Stores, Inc.,* 18 B.T.A. 533, 536 (1929). Furthermore, it is well settled that unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on his behalf, we are without jurisdiction. *Consolidated Companies, Inc.,* 15 B.T.A. 645, 652 (1929). Rule 60, Tax Court Rules of Practice and Procedure, accordingly provides in part as follows:

(a) Petitioner: *A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency* * * *, *or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person.* See Rule 23(a)(1). A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. Where the deficiency or liability is determined against more than one person in the notice by the Commissioner, only such of those persons who shall duly act to bring a case shall be deemed a party or parties. [Emphasis added.]
* * *

(c) Capacity: * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which he derives his authority.

Rule 23(a)(1) provides, in part, as follows:

A proper caption shall be placed on all papers filed with the Court * * *. The name of an estate or trust or other person for whom a fiduciary acts shall precede the fiduciary's name and title, as for example "Estate of John Doe, deceased, Richard Roe, Executor."

Thus, in showing that all essential jurisdictional facts affirmatively appear, *Wheeler's Peachtree Pharmacy, Inc.,* 35 T.C. 177, 180 (1960); *Herbert Brush Mfg. Co.,* 22 B.T.A. 646, 647 (1931), petitioners must establish, since Edward J. Fehrs was deceased when the petition was filed, that the petition was filed by a fiduciary entitled to institute a case on his behalf.

The essential question is thus whether Violette Fehrs has fiduciary authority under Nebraska law to represent the deceased herein. Respondent contends that there is no authority under Nebraska law for Edward J. Fehrs, deceased, to be a party petitioner in the absence of the appointment of an executor, administrator, or special administrator. See generally Neb. Rev. Stat. secs. 30-302, 30-307, 30-315, 30-317, 30-318, 30-334, 30-803 (1964 Reissue); *Meyer v. Meyer,* 180 Neb. 379, 142 N.W. 2d 922 (1966); *In re Breuer's Estate,* 155 Neb. 836, 54 N.W. 2d 75 (1952). Petitioners have not brought any Nebraska law to our attention which would render such an appointment unnecessary herein.

We think *Alex H. Davison,* 13 T.C. 554, 558 (1949), is controlling. The facts are similar. A joint notice of deficiency was sent to Alex H. and Irene Davison on January 27, 1949. Alex H. Davison died on January 31, 1949. A petition was filed on behalf of Irene Davison for herself and on behalf of Irene Davison for Alex H. Davison. The petition stated that Irene L. Davison was Alex H. Davison's wife at the time of his death, that there was no probate proceeding for his estate, and that she was the proper person to protect his estate and represent his interest. This Court found no basis for holding that Irene L. Davison had any authority under Florida law to represent the decedent or his estate or to file a petition on behalf of him or his estate. This lack of authority on Irene L. Davison's behalf necessitated dismissal of the petition for lack of jurisdiction with respect to Alex H. Davison. Since petitioners herein have failed to show that

Violette Fehrs had fiduciary authority under Nebraska law to file a petition for decedent or his estate, the same result must obtain herein. Cf. *Estate of Charles A. Peterson,* 45 T.C. 497, 500 (1966), in which this Court found that proper authority to represent the estate under Texas law existed in decedent's wife and related back to the date the petition was filed; *Estate of Lawrence E. Berry,* 41 T.C. 702, 706 (1964), in which we found that decedent's wife had proper authority under Texas law to represent his estate.

At the hearing on this motion, petitioner argued that *Davison* is inapplicable because there is no estate to probate in the Nebraska courts. The same was true in *Davison,* however: petitioner therein contended, at page 555, "that under the Florida statutes no administration of the decedent's estate and no appointment of an administrator or executor therefor was necessary."

Petitioner also cites *Communist Party of the U.S.A. v. Commissioner,* 332 F. 2d 325 (D.C. Cir. 1964), revg. 38 T.C. 862 (1962), in which the United States Court of Appeals for the District of Columbia Circuit held that the authority of a duly licensed attorney to commence an action for a litigant he purports to represent is presumed to exist until it is shown to be lacking. That court also held that steps necessary to create such authority are likewise presumed to exist until demonstrated to have been omitted. That case is distinguishable because the authority of counsel in this case to represent petitioners is not questioned; rather, the issue is whether a party they represent, the decedent, is properly before this Court.

Petitioners further argue that Violette Fehrs is properly before the Court, that resolution of her liability will similarly resolve decedent's liability, and that dismissal of this case with respect to the deceased would serve no useful purpose. As we stated in *Nathan Lerer,* 52 T.C. 358, 366-367 (1969), however,

We have consistently held that a husband and wife are separate taxpayers and that even where they file a joint return they are separately entitled to determinations of their joint tax liability. We have pointed out that a husband and wife each must file a valid petition with this Court for the Court to acquire jurisdiction with respect to each of them. *Alex H. Davison,* 13 T.C. 554 (1949). * * * a valid petition by the wife from a joint notice of deficiency confers on us no jurisdiction to redetermine the tax as to the estate of the deceased husband *unless a petition was filed by a person properly authorized to represent the deceased husband's estate.* * * * [Emphasis added.]

Finally, petitioners argue that respondent was notified of Edward J. Fehrs' death long before mailing of the notice of deficiency, that dismissal of the petition filed in his name is tantamount to determining that the notice of deficiency was improperly directed to the deceased, and that the Court should accordingly hold that no deficiency is due with regard to Edward J. Fehrs, deceased. Section 6212(b),[1] however, provides that a notice of deficiency shall be sufficient for purposes of subtitle A (under which the deficiency herein was determined) "if mailed to the taxpayer at his last known address * * * even if such taxpayer is deceased."[2] The exception to this rule for cases in which notice has been given under section 6903 of existence of a fiduciary relationship is clearly inapplicable, as petitioners have made no showing that such notice was given, or indeed that any fiduciary has even been appointed.

Respondent's motion to dismiss for lack of jurisdiction as to Edward J. Fehrs, deceased, and to change caption must accordingly be granted.

*An appropriate order will be entered.*

---

[1] Statutory references are to the Internal Revenue Code of 1954, as amended.

[2] SEC. 6212. NOTICE OF DEFICIENCY.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A * * *, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A * * * and this chapter even if such taxpayer is deceased * * *