FERDINAND E. MARCOS, DECEASED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marcos v. Commissioner
Docket Nos. 1091-94, 11514-94
United States Tax Court
T.C. Memo 1994-528; 1994 Tax Ct. Memo LEXIS 536; 68 T.C.M. (CCH) 1002; October 20, 1994, Filed *536 For petitioner: John D. Singleton and James P. Linn. For respondent: William E. Bonano, Alan Summers, and Henry E. O'Neill. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent filed motions to dismiss for lack of jurisdiction on the ground that the petitions were not filed by a proper party in both of the above-enumerated cases. We must decide whether the decedent's surviving spouse, Imelda R. Marcos, has the capacity to petition this Court on behalf of decedent. Background
Ferdinand E. Marcos, former president of the Republic of the Philippines, died in Honolulu, Hawaii, on September 28, 1989. On October 15, 1993, and April 6, 1994, respondent issued notices of deficiency addressed to Ferdinand E. Marcos (decedent) in care of his surviving spouse and to an attorney. The notices determined income tax deficiencies for the taxable years 1986, 1987, 1988, and 1989 in the amounts of $ 1,023,647, $ 1,258,171, $ 684,260, and $ 1,179,608, respectively. Petitions were filed on behalf of decedent by his surviving spouse, Imelda R. Marcos (hereinafter sometimes referred to as surviving spouse). Mrs. Marcos has not caused a probate proceeding to commence; however, the *537 Republic of the Philippines, on October 16, 1992, filed a petition in the Philippine courts captioned "IN THE MATTER OF THE PROBATE OF THE WILL OF FERDINAND E. MARCOS/PETITION FOR ISSUANCE OF LETTERS OF ADMINISTRATION". The petition contained allegations that decedent left personal and real property in the Philippines and in other countries with a "probable value" of 24 million Philippine pesos. In addition, it was alleged that decedent had acquired "ill-gotten wealth" and that the Republic was seeking an amount approximately 125 billion Philippine pesos. It was further alleged that decedent had left, in Hawaii, a last will and testament, dated and executed June 23, 1988, and that his surviving spouse and a son were named as executors. The Republic also alleged that Mrs. Marcos and other heirs of decedent are incompetent to serve as executors or administrators "by reason, among others, of their want of integrity." [1] The Republic sought to have its nominee issued letters of administration for decedent's estate. A copy of the alleged will was annexed to the Republic's petition, and it was alleged that Mrs. Marcos and other heirs, for more than 3 years after decedent's death, neglected *538 to initiate probate proceedings, irrespective of whether the alleged will was spurious or genuine. Mrs. Marcos lodged a document in opposition to the Republic's petition alleging, among other things, that the Republic was incompetent to file a petition for probate and that the surviving spouse does not possess decedent's alleged original will. Mrs. Marcos also stated in her document that if the estate is probated, she and her son, and not a Republic nominee, should be named fiduciaries of the estate. Mrs. Marcos *539 also argued that, without the original will, the copy cannot be the subject of a probate proceeding. After respondent moved to dismiss the petitions filed herein, surviving spouse filed a response that, in pertinent part, explains that surviving spouse has been substituted as the legal representative of decedent in two legal actions in both Federal and State courts of Hawaii for the purposes of acting as a fiduciary. [2] It is then requested that this Court, in a like manner, permit surviving spouse to act as a fiduciary in order to protect and safeguard decedent's rights or, in the alternative, that this Court permit additional time for a court's appointment of a fiduciary to proceed with these income tax cases. At a May 23, 1994, hearing involving respondent's motion to dismiss for lack of jurisdiction, petitioner's counsel pointed *540 out that surviving spouse had not been appointed as the decedent's estate's fiduciary or representative and that no proceeding had matured to the point where a court-appointed representative could exist. He also pointed out that it was surviving spouse's intent to institute probate proceedings in Ilocos Norte, Province of Luzon, Republic of the Philippines, at "the appropriate time." In that regard, it was explained that surviving spouse was engaged in about 70 civil and criminal litigation matters in the Philippines, including the petition for probate by the Republic. Finally, Philippine law was discussed at the hearing and the question arose as to whether surviving spouse was entitled to administer the community property estate and represent decedent for purposes of initiating legal proceedings. Respondent submitted a declaration of foreign law by Juan G. Collas, Jr., a member of the Philippine bar who has been accepted by this Court as an expert on Philippine law. Attorney Collas concluded that a surviving spouse does not have the capacity under Philippine law to bring an action on behalf of a decedent without first being appointed as a representative by a court. Attorney *541 Collas also concluded that the Philippine community property provisions would not permit a surviving spouse to administer the community property estate without first being court appointed. Mrs. Marcos has not presented any declaration of foreign law and has not specifically expressed disagreement with the conclusions of attorney Collas, which we accept under Rule 146 [3] as a correct interpretation of Philippine law. There is no disagreement between the parties here concerning the fact that the Republic of the Philippines was decedent's domicile at the time of death. Discussion
We cannot acquire jurisdiction of a case unless the petition is filed by the taxpayer or an individual or entity authorized to act on the taxpayer's behalf. Fehrs v. Commissioner, 65 T.C. 346, 348 (1975). Under Rule 60(a)(1), "A case shall be brought by and in the name of the person against whom the Commissioner determined the *542 deficiency * * *, or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person." In that regard, Rule 23(a)(1), concerning the caption to be placed on the pleadings, requires a format where "The name of an estate * * * shall precede the fiduciary's name and title". In this regard, Mrs. Marcos did not designate herself as the fiduciary of decedent's estate on the pleadings filed with this Court. Rule 60(c), in pertinent part, provides that "The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived." The burden of establishing that surviving spouse was a fiduciary or person authorized to act on decedent's behalf is on petitioner. Fehrs v. Commissioner, supra at 349. The burden has not been carried in these cases. Mrs. Marcos admits that there has been no court appointment or formal authorization for any individual or entity to act on behalf of decedent. Mrs. Marcos points out that State and Federal courts in Hawaii have allowed her to act as a fiduciary in a few court *543 proceedings. However, Mrs. Marcos has not specified the circumstances under which those courts permitted her to represent the interests of decedent or the authority under which the courts granted permission. Mrs. Marcos has advanced a possible theory under which a surviving spouse, pursuant to Philippine community property law, may be empowered to represent a deceased or incapacitated spouse with respect to the community property. Respondent's proffered foreign law expert's conclusion, however, convinces us that, under Philippine law, a surviving spouse is without capacity to institute a legal proceeding without first being appointed as a representative by a court. We also find it unusual that, 5 years after decedent's death, no probate proceeding has been instituted, even though decedent appears to have died possessed of an estate and may have had a will. This phenomenon is also illustrated by surviving spouse's resistance to the Republic of the Philippines' attempt to institute a probate proceeding. We recognize that it may be in the interests of surviving spouse to delay the probate of decedent's estate. We also recognize that this delay will result in a situation where, *544 prior to payment, a subsequently authorized representative will be denied a forum to controvert respondent's income tax deficiency determinations for 1986 through 1989. Only a refund proceeding may be available. However, we are without authority to accept or create jurisdiction in a situation where the person seeking jurisdiction lacks capacity to do so. Finally, Mrs. Marcos has asked us to delay ruling on our jurisdiction in order to provide time to pursue multifarious litigation which could result in the appointment of a representative who would have court-approved capacity to pursue or validate this proceeding. [4] We note that Mrs. Marcos has been less than certain about when a person with court-approved capacity could exist. Petitioner's counsel has indicated that Mrs. Marcos intends to begin a probate proceeding in the Republic of the Philippines at "the appropriate time." Assuming that we could permit such delay, we would decline to do so under such precarious circumstances. Accordingly, we must grant respondent's motions to dismiss these cases for lack of jurisdiction due to Imelda R. Marcos' lack of capacity to represent decedent. *545 To reflect the foregoing, Appropriate orders will be entered.
Footnotes
1. In this regard it was specifically alleged that: The Marcos Heirs have had direct participation as co-conspirators of the Decedent, in grave abuse of his position as President of the Republic of the Philippines, in defrauding the * * * [Republic of the Philippines] of billions of pesos. The Marcos Heirs have also individually abused and taken advantage of their positions as public officers and/or immediate relatives of the former dictator in defrauding * * * [the Republic of the Philippines].↩
2. It appears that Mrs. Marcos was permitted to represent decedent's interests by defending against legal action, whereas in this instance Mrs. Marcos is attempting to initiate litigation.↩
3. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Rule 60(a)(1)↩ allows petitioner a "reasonable time" in which to have the petitions ratified.