T.C. Memo. 2002-74

UNITED STATES TAX COURT

RICHARDS ASSET MANAGEMENT TRUST, ET AL.,[1] Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 10764-00, 10765-00,     Filed March 27, 2002.
            10766-00, 10767-00.

<u>John M. Tkacik, Jr.</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  These consolidated cases are before us on
respondent's motion to hold petitioner in default in the case at
docket No. 10764-00 (respondent's motion in the case at docket

_____

[1]Cases of the following petitioners are consolidated here-
with:  Everett D. Richards, docket No. 10765-00; Everett D.
Richards, docket No. 10766-00; and Richards Charitable Trust,
docket No. 10767-00.

No. 10764-00), respondent's motion to dismiss for lack of prosecution and to impose sanctions under section 6673[2] in the case at docket No. 10765-00 (respondent's motion in the case at docket No. 10765-00), respondent's motion to dismiss for lack of prosecution and to impose sanctions under section 6673 in the case at docket No. 10766-00 (respondent's motion in the case at docket No. 10766-00), and respondent's motion to hold petitioner in default in the case at docket No. 10767-00 (respondent's motion in the case at docket No. 10767-00).  (We shall refer collectively to those four motions as respondent's motions.)  At the request of respondent, on October 15, 2001, the Court held a trial in order to enable respondent to present evidence to satisfy the burden of production under section 7491(c) that respondent maintains respondent has with respect to:  (1) The accuracy-related penalty under section 6662(a) that respondent determined for each of the taxable years 1996 and 1997 in the notice of deficiency (notice) issued to Richards Asset Management Trust (Richards Management Trust)[3] in the case at docket No. 10764-00; (2) the accuracy-related penalty under section 6662(a)

---

[2]All section references are to the Internal Revenue Code (Code) in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]When referring in this Opinion to Richards Asset Management Trust and Richards Management Trust, our use of the word "Trust" and any similar words is for convenience only and is not intended to convey any meaning or have any significance for Federal tax purposes.

that respondent determined for the taxable year 1996 in the notice issued to Everett D. Richards (Mr. Richards)[4] in the case at docket No. 10765-00; (3) the accuracy-related penalty under section 6662(a) for the taxable year 1997 that respondent determined in the notice issued to Mr. Richards in the case at docket No. 10766-00; and (4) the addition to tax under section 6651(a)(1) for each of the taxable years 1996 and 1997 that respondent determined in the notice issued to Richards Charitable Trust[5] in the case at docket No. 10767-00.

## Background

The record establishes and/or the parties do not dispute the following:

At the time the respective petitions in these cases were filed, Richards Management Trust, Mr. Richards, and Richards Charitable Trust listed in those petitions the same address in Canton, Ohio.

Richards Management Trust filed Form 1041, U.S. Income Tax

---

[4]In the case at docket No. 10765-00, respondent issued the notice to Mr. Richards and Joy A. Richards, deceased. Although the petition in that case was filed in the name of Mr. Richards and Joy A. Richards, deceased, on Oct. 12, 2001, the Court dismissed the case for lack of jurisdiction as to Joy A. Richards, deceased. For convenience, we shall refer hereinafter to the notice issued with respect to the case at docket No. 10765-00 as the notice issued to Mr. Richards.

[5]When referring in this Opinion to Richards Charitable Trust, our use of the word "Trust" and any similar words are for convenience only and is not intended to convey any meaning or have any significance for Federal tax purposes.

Return for Estates and Trusts (trust return), for each of the taxable years 1996 and 1997. In separate Schedules K-1, Beneficiary's Share of Income, Deductions, Credits, etc., that Richards Management Trust included with each of its 1996 and 1997 trust returns, Richards Management Trust showed Mr. Richards and Richards Charitable Trust as beneficiaries and Mr. Richards as the fiduciary of Richards Management Trust.

In each of its 1996 and 1997 trust returns, Richards Management Trust deducted depreciation with respect to certain personal assets of Mr. Richards, including Mr. Richards' personal residence that he had transferred to Richards Management Trust at a time that is not disclosed by the record. Richards Management Trust also deducted other amounts in its 1996 and 1997 trust returns with respect to personal expenses of Mr. Richards.

During respondent's examination of Richards Management Trust's 1996 and 1997 trust returns and thereafter, no books, records, or other information was provided to respondent establishing (1) the jurisdiction under the laws of which Richards Management Trust was purportedly organized, (2) the person who is authorized to act on behalf of Richards Management Trust, and (3) that Richards Management Trust was at all relevant times a trust cognizable for Federal tax purposes. Nor did Richards Management Trust at any time provide any books, records, or other information to respondent establishing the income reported and

the expense deductions claimed in Richards Management Trust's 1996 and 1997 trust returns.

In the notice issued to Richards Management Trust, respondent determined, inter alia, that Richards Management Trust is liable for each of the taxable years 1996 and 1997 for the accuracy-related penalty under section 6662(a).

Respondent has no record of Richards Charitable Trust's having filed with respondent Form 990-PF, Return of Private Foundation (Form 990-PF), for either of the taxable years 1996 and 1997. Nor does respondent have a record of any other Federal tax returns having been filed by Richards Charitable Trust for those years.

In response to a request by respondent for information with respect to Richards Charitable Trust, respondent was provided with a copy of Form 990-PF for the taxable year 1997 that showed Richards Charitable Trust as the organization to which such form pertained. However, as discussed above, respondent has no record that Richards Charitable Trust filed with respondent Form 990-PF for the taxable year 1997.

During respondent's examination of Richards Charitable Trust's taxable years 1996 and 1997 and thereafter, no books, records, or other information was provided to respondent establishing (1) the jurisdiction under the laws of which Richards Charitable Trust was purportedly organized, (2) the person who is

authorized to act on behalf of Richards Charitable Trust, and (3) that Richards Charitable Trust was at all relevant times a trust cognizable for Federal tax purposes. Nor did Richards Charitable Trust at any time provide any books, records, or other information to respondent establishing the income shown and the expense deductions claimed in the copy of Form 990-PF for the taxable year 1997 that was provided to respondent during respondent's examination of Richards Charitable Trust in response to respondent's request for information with respect to Richards Charitable Trust and that showed Richards Charitable Trust as the organization to which such form pertained.

In the notice issued to Richards Charitable Trust, respondent determined, inter alia, that Richards Charitable Trust is liable for each of the taxable years 1996 and 1997 for the addition to tax under section 6651(a)(1).

Joy A. Richards and Mr. Richards jointly filed Form 1040, U.S. Individual Income Tax Return (return), for the taxable year 1996, and Mr. Richards filed a return for 1997. During respondent's examination of those 1996 and 1997 returns and thereafter, no books, records, or other information was provided to respondent establishing the income reported and the expense deductions claimed in those returns.

In the notice issued to Mr. Richards with respect to the taxable year 1996, respondent determined, inter alia, that he is

liable for that taxable year for the accuracy-related penalty under section 6662(a). In the notice issued to Mr. Richards with respect to the taxable year 1997, respondent determined, inter alia, that he is liable for that taxable year for the accuracy-related penalty under section 6662(a).

James Binge (Mr. Binge) was the return preparer for each of Richards Management Trust's 1996 and 1997 trust returns, Mr. Richards and Joy A. Richards' 1996 return, and Mr. Richards' 1997 return. Mr. Binge was also listed as the return preparer for Richards Charitable Trust's Form 990-PF for the taxable year 1997 that was provided to respondent during respondent's examination of Richards Charitable Trust but that respondent has no record of having been filed with respondent. Respondent has identified Mr. Binge as an individual involved with purported trusts used for tax avoidance purposes.

On August 31, 2001, respondent filed separate motions to compel answers to interrogatories and to compel production of documents in each of the cases at docket Nos. 10765-00 and 10766-00. On September 19, 2001, the Court granted each of those motions. Mr. Richards did not answer respondent's interrogatories or produce the documents requested by respondent, as ordered by the Court on September 19, 2001.

On October 2, 2001, Richards Management Trust, Mr. Richards, and Richards Charitable Trust filed a joint motion to continue

the trial in these cases, which the Court denied on October 2, 2001.

On October 15, 2001, these cases were called from the Court's trial calendar at the Court's trial session in Cleveland, Ohio (Cleveland trial session). At that calendar call, there was no appearance by or on behalf of Richards Management Trust, Mr. Richards, and Richards Charitable Trust. At that time, respondent orally moved to dismiss each of these cases for failure to prosecute, and respondent requested, and the Court held, a trial because, according to respondent, respondent has the burden of production pursuant to section 7491(c) with respect to (1) the accuracy-related penalties under section 6662(a) for 1996 and 1997 that respondent determined against Richards Management Trust, (2) the respective accuracy-related penalties under section 6662(a) for 1996 and 1997 that respondent determined against Mr. Richards, and (3) the additions to tax under section 6651(a)(1) for 1996 and 1997 that respondent determined against Richards Charitable Trust. At the trial in these cases on October 15, 2001, there was no appearance by or on behalf of Richards Management Trust, Mr. Richards, and Richards Charitable Trust.

On November 13, 2001, respondent filed a written motion to hold petitioner in default in each of the cases at docket Nos. 10764-00 and 10767-00 and a written motion to dismiss for lack of

prosecution and to impose sanctions under section 6673 in each of the cases at docket Nos. 10765-00 and 10766-00.

On December 3, 2001, the Court sua sponte issued separate Orders (December 3, 2001 Show Cause Orders) directing each party in the case at docket No. 10764-00 in which Richards Asset Management Trust is named as petitioner and in the case at docket No. 10767-00 in which Richards Charitable Trust is named as petitioner to

> show cause in writing why the Court has jurisdiction over this case, including the identity of any purported fiduciary of petitioner and a detailed analysis of why such purported fiduciary has the capacity to litigate in the Court on behalf of petitioner.

On December 19, 2001, respondent filed separate written responses to the December 3, 2001 Show Cause Orders in the cases at docket Nos. 10764-00 and 10767-00 in which respondent contended, inter alia, that Richards Management Trust and Richards Charitable Trust, respectively,

> 11. * * * failed to establish that a trustee, if authorized, acted on its behalf when the purported petition was filed with the Court on October 16, 2000.
>
> 12. * * * failed to file a proper petition with this Court in that the petition was not brought by and with the full descriptive name of the fiduciary entitled to institute a case on its behalf.

Respondent further argued in those separate responses to the December 3, 2001 Show Cause Orders in the cases at docket Nos. 10764-00 and 10767-00 that

> Since the petition in this case was not brought by a

party with proper capacity as required by the Tax Court Rules of Practice and Procedure, the Court lacks jurisdiction * * *.

On December 20, 2001, Richards Management Trust and Richards Charitable Trust filed separate written responses to the December 3, 2001 Show Cause Orders in the cases at docket Nos. 10764-00 and 10767-00 (Richards Management Trust's response to the December 3, 2001 Show Cause Order and Richards Charitable Trust's response to the December 3, 2001 Show Cause Order, respectively), each of which was signed by Terrence A. Bentivegna (Mr. Bentivegna) who identified himself in each such response as "Trustee". Each such response asserted that "Petitioner does not believe that this Court has jurisdiction." In support of that position, Richards Management Trust's response to the December 3, 2001 Show Cause Order and Richards Charitable Trust's response to the December 3, 2001 Show Cause Order set forth statements and contentions that the Court finds to be frivolous and/or groundless.[6]

---

[6]Each such response to the December 3, 2001 Show Cause Order stated in pertinent part:

1.  Petitioner petitioned this Court after having received false and misleading information from the respondent and attorneys David Wise and his associate Carol Jackson. The respondent has failed to properly assess any taxes in accordance with their required administrative procedures, and yet advised the petitioner that the only method of disagreeing with the purported tax liability was to petition this Court.

(continued...)

On January 16, 2002, Richards Management Trust filed a response to respondent's motion to hold petitioner in default in the case at docket No. 10764-00, and Mr. Richards filed a re-

---

[6](...continued)

2. This Courts' [sic] order states ". . . petitioner purports to be a trust . . ." Petitioner **is** a trust, and the respondent has never been able to prove otherwise. Nor does the respondent have the right or ability to set aside a contract.

    \*      \*      \*      \*      \*      \*      \*

4. Petitioner does not want this false tax claim to be litigated in court, and has petitioned this Court to have this case removed from the docket as having been petitioned in error due to the erroneous instructions given by the respondent.

**WHEREFORE** it is prayed that:

1. This Court dismiss this case at petitioner's request as the original petition was issued in error due to false directions given to petitioner by respondent. Petitioner believes that he has the right to correct his mistake and withdraw the original petition.

2. This Court and the respondent recognize the petitioner as a Trust and cease attempting to set aside a contract in direct opposition to the Constitution of the United States of America.

3. This court sanction the respondent for using this Court for illegal purposes. Respondent has no legal tax claim as petitioner has noted to respondent and this Court on numerous occasions. Without a legal claim, respondent fraudulently instructed petitioner to use this Court to legitimize his illegal attempt to deprive petitioner of his assets.

4. This Court instruct the respondent to cease, now and forever, harassment of petitioner.

sponse to respondent's motion to dismiss for lack of prosecution and to impose sanctions under section 6673 in the case at docket No. 10766-00.[7]  Each of those respective responses contained arguments and contentions that the Court found in an Order dated January 18, 2002 (January 18, 2002 Order) in the cases at docket Nos. 10764-00 and 10766-00 to be frivolous and/or groundless.  In the January 18, 2002 Order, the Court reminded each petitioner about section 6673(a)(1).[8]

---

[7]On Feb. 19, 2002, Richards Charitable Trust filed a response to respondent's motion to hold petitioner in default in the case at docket No. 10767-00.  Although the Court did not receive and have that response filed until Feb. 19, 2002, it appears to have been mailed to the Court around Nov. 20, 2001. Presumably because of the delays in mail delivery that the Court has been experiencing since mid-October 2001, the Court's receipt of that response was delayed.

[8]Sec. 6673(a)(1) states:

SEC. 6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the

(continued...)

On February 15, 2002, Richards Management Trust, Mr. Richards, and Richards Charitable Trust filed a joint brief in these cases.  That brief sets forth statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[9]

---

[8](...continued)
taxpayer to pay to the United States a penalty not in excess of $25,000.

[9]Petitioners' joint brief in these cases states in pertinent part:

This is a proceeding to determine if the Internal Revenue Service can ignore the strict limitations imposed on it by Congress, via the Code of Federal Regulations, and its' [sic] own required administrative procedures to extort assets from unsuspecting inhabitants of one of the fifty (50) states of the United States of America, to wit:  Everett D. Richards, et al.

   *      *      *      *      *      *      *

U.S.C. Title 26 Section 7602 is the I.R.S.'s authority to examine books and records regarding "internal revenue tax"--**not income tax**.  This is corroborated by the fact that the implementing regulation for Section 7602 is located in C.F.R. Title 27, parts 70, 170 and 296.

   *      *      *      *      *      *      *

In accordance with C.F.R. 1.861-8(f) petitioners, et al, do not receive any "income" or receipts from a "taxable source".

   *      *      *      *      *      *      *

Petitioners, et al, have never been legally assessed any tax as required by U.S.C. Title 26 Section 6203 and C.F.R. regulation 301.6203-1 and corroborated in Bull v. U.S., 295 US 247 * * *.

Petitioners, et al, determinations are based on Supreme Court decisions, Treasury Orders, U.S.C. Title 26

(continued...)

- 14 -

Discussion

Richards Management Trust and Richards Charitable Trust

On December 3, 2001, the Court sua sponte issued the respec-

tive December 3, 2001 Show Cause Orders regarding the Court's

---

[9](...continued)
codes, and implementing (or lack of implementing)
C.F.R. Title 26 regulations and various other refer-
ences, and as such cannot be considered frivolous or
". . . a hodgepodge of unsupported assertions, irrele-
vant platitudes and legalistic gibberish."

\*       \*       \*       \*       \*       \*       \*

Everett D. Richards, et al, petitioners in the cases at
Docket Nos. 10764-00, 10765-00, 10766-00 and 10767-00
are not liable for any income tax, penalties and/or
interest pursuant to any U.S.C. Title 26 code sections.

Petitioners, et al, have at all times rebutted and
refuted respondents prima facie allegations; thus, the
burden of proof is on the respondent.

Treasury Order 120-01 dated June 6, 1972 establishes
the Bureau of Alcohol, Tobacco and Firearms and trans-
fers U.S.C. Title 26 Section 61 through 80, inclusive,
to U.S.C. Title 27 and the Bureau of Alcohol, Tobacco
and Firearms.  Petitioners, et al, are not now and
never have been involved in the manufacture, distribu-
tion or sale of alcohol, tobacco or firearms, or been
involved in any other excise taxable activity.  This is
corroborated by the Code of Federal Regulations Table
of Authority and Rules.

A review of the Department of the Treasury organization
chart reveals that the Internal Revenue Service is not
administered by any of the organizations with enforce-
ment authority.  This is corroborated by the fact that
there are no Title 26 implementing regulation under
Title 26 C.F.R.

The established trusts bear no burden of proof as their
records are not subject to review.  Boyd vs. U.S. 116
U.S. 618; Silver Thorne Lumber Co. vs U.S. 1251 US.
385.

jurisdiction over the cases at docket Nos. 10764-00 and 10767-00.

Rule 60 provides in pertinent part:

(a) Petitioner:  (1) Deficiency or Liability Actions:  A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person.  See Rule 23(a)(1).  A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. * * *

*       *       *       *       *       *       *

(c)  Capacity:  * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

The record does not establish where Richards Management Trust and Richards Charitable Trust were organized.  The respective petitions in the cases at docket Nos. 10764-00 and 10767-00 listed an address for Richards Management Trust and Richards Charitable Trust in Canton, Ohio,[10] which is also the service address used by the Court in those cases.  Assuming arguendo that Richards Management Trust and Richards Charitable Trust were trusts organized under the laws of the State of Ohio, the administration of each of which is subject to the laws of that State,

---

[10]The Ohio address listed in the respective petitions in the cases at docket Nos. 10764-00 and 10767-00 is the same address listed by Mr. Richards in the respective cases at docket Nos. 10765-00 and 10766-00.

under Ohio law, see Rule 60(c), a trustee generally is the proper party authorized to act on behalf of a trust. Firestone v. Galbreath, 976 F.2d 279, 284 (6th Cir. 1992); Saxton v. Seiberling, 48 Ohio St. 554, 29 N.E. 179 (1891); see Ohio R. Civ. P. 17(A).[11]

In the cases at docket Nos. 10764-00 and 10767-00, Richards Management Trust and Richards Charitable Trust, respectively, have the burden of proving that this Court has jurisdiction, see Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Natl. Comm. to Secure Justice in the Rosenberg Case v. Commissioner, 27 T.C. 837, 839 (1957), by establishing affirmatively all facts giving rise to our jurisdiction, see Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Consol. Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929). In order to meet that burden, Richards Management Trust in the case at docket No. 10764-00 and Richards Charitable Trust in the case at docket No. 10767-00 must

---

[11]Ohio R. Civ. P. 17(A) provides in pertinent part:

**RULE 17. Parties plaintiff and defendant; capacity**

**(A) Real party in interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. * * * [Emphasis added.]

provide evidence establishing who has the authority to act on its behalf in each such proceeding. See <u>Natl. Comm. to Secure Justice in the Rosenberg Case v. Commissioner</u>, <u>supra</u> at 839-840; <u>Coca-Cola Bottling Co. v. Commissioner</u>, 22 B.T.A. 686, 700 (1931).

On the instant record, we find that Richards Management Trust in the case at docket No. 10764-00 and Richards Charitable Trust in the case at docket No. 10767-00 have failed to establish who has the authority to act on their behalf in those respective proceedings. We further find on that record that neither of the cases at docket Nos. 10764-00 and 10767-00 was brought by and with the full descriptive name of the fiduciary entitled to institute each such case on behalf of Richards Management Trust or Richards Charitable Trust, as the case may be, as required by Rule 60(a)(1). On the record before us, we conclude that we do not have jurisdiction over the cases at docket Nos. 10764-00 and 10767-00. Accordingly, we shall dismiss those cases for lack of jurisdiction.[12]

<u>Mr. Richards</u>

Neither Mr. Richards nor any authorized representative of Mr. Richards appeared at the Court's Cleveland trial session on

---

[12]Because we shall dismiss the cases at docket Nos. 10764-00 and 10767-00 for lack of jurisdiction, we shall deny respondent's motion in the case at docket No. 10764-00 and respondent's motion in the case at docket No. 10767-00.

October 15, 2001, at the call of these consolidated cases from the Court's trial calendar.

At the trial held by the Court in the cases at docket Nos. 10765-00 and 10766-00, neither Mr. Richards nor any authorized representative of Mr. Richards appeared.

The written response by Mr. Richards to respondent's motion to dismiss for lack of prosecution and to impose sanctions under section 6673 in the case at docket No. 10766-00 does not contain any valid reason why that case should not be dismissed for lack of prosecution.[13] That response contained contentions and arguments that the Court found in the Court's January 18, 2002 Order to be frivolous and/or groundless. The joint brief filed by Mr. Richards (and Richards Management Trust and Richards Charitable Trust) also contains statements, contentions, and arguments that the Court finds to be frivolous and/or groundless and do not set forth any valid reason why the cases at docket Nos. 10765-00 and 10766-00 should not be dismissed for lack of prosecution.

Section 7491(c) provides in pertinent part:

SEC. 7491.  BURDEN OF PROOF.

(c) Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty * * *.

_____

[13]Mr. Richards did not file a response to respondent's motion to dismiss for lack of prosecution and to impose sanctions under sec. 6673 in the case at docket No. 10765-00.

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment of tax resulting from, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2). For purposes of section 6662(a), an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the tax return, sec. 6662(d)(2)(A), and is substantial in the case of an individual if it exceeds the greater of 10 percent of the tax required to be shown in the return or $5,000, sec. 6662(d)(1)(A). For purposes of section 6662(a), the term "negligence" includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence has also been defined as a lack of due care or failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause

and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of a professional, such as an accountant, does not necessarily demonstrate reasonable cause and good faith unless, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. Id. In the case of claimed reliance on the accountant who prepared the taxpayer's tax return, the taxpayer must establish that correct information was provided to the accountant and that the item incorrectly omitted, claimed, or reported in the return was the result of the accountant's error. Ma-Tran Corp. v. Commissioner, 70 T.C. 158, 173 (1978).

On the record before us, we find that respondent has satisfied the burden of production that respondent maintains respondent has with respect to the respective accuracy-related penalties under section 6662(a) that respondent determined to impose on Mr. Richards for the taxable years 1996 and 1997.[14]

Based on our examination of the entire record before us, we

---

[14]We are not deciding in the cases at docket Nos. 10765-00 and 10766-00 whether the Commissioner of Internal Revenue has the burden of production in cases subject to sec. 7491(c) when a taxpayer fails to appear for trial.

shall grant respondent's motion in the case at docket No. 10765-00 and respondent's motion in the case at docket No. 10766-00 in that we shall dismiss each of those cases for failure by petitioner in each such case to prosecute such case, and we shall enter a decision in each of those cases sustaining the determinations that respondent made in the notice to which each such case pertains but in the reduced amounts which respondent concedes are appropriate in order to reflect the duplication of certain income determinations in the respective notices issued to Mr. Richards.[15]

In respondent's motions in the cases at docket Nos. 10765-00 and 10766-00, respondent also asks the Court to impose a penalty

---

[15]As explained in respondent's respective motions in the cases at docket Nos. 10765-00 and 10766-00, respondent attributed the income reported for the taxable year 1996 by Richards Management Trust 100 percent to Joy A. Richards, deceased, Mr. Richards, and Richards Charitable Trust, and respondent attributed the income reported for the taxable year 1997 by Richards Management Trust 100 percent to Mr. Richards and Richards Charitable Trust. The amounts of such income attributed to Richards Charitable Trust for 1996 were reattributed for that year to Mr. Richards, and the amounts of such income attributed to Richards Charitable Trust for 1997 were reattributed to Mr. Richards, which resulted in a duplication of said amounts of income in the respective notices issued to Mr. Richards with respect to the taxable year 1996 and to Mr. Richards with respect to the taxable year 1997. As set forth in respondent's respective motions in the cases at docket Nos. 10765-00 and 10766-00 and in the respective exhibits attached to those motions, the revised deficiencies for Mr. Richards for the taxable years 1996 and 1997 are $33,451 and $75,934, respectively. Consistently, the revised accuracy-related penalties under sec. 6662(a) imposed on Mr. Richards for the taxable years 1996 and 1997 are $6,690.20 and $15,186.80, respectively.

under section 6673(a)(1) on Mr. Richards in each of those cases. As grounds therefor, respondent contends that Mr. Richards (1) instituted proceedings in the Court primarily for delay, (2) advanced frivolous and groundless positions in such proceedings, and (3) unreasonably failed to pursue administrative remedies.

On the record before us, we find that Mr. Richards instituted the proceedings in the cases at docket Nos. 10765-00 and 10766-00 primarily for delay. We also find on that record that Mr. Richards' position in the cases at docket Nos. 10765-00 and 10766-00 is frivolous and/or groundless. On the record before us, we shall impose a penalty in those cases on Mr. Richards pursuant to section 6673(a)(1) in the amounts of $8,000 and $18,000, respectively.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction and denying respondent's motion will be entered in each of the cases at docket Nos. 10764-00 and 10767-00, and an appropriate order granting respondent's motion and decision will be entered in each of the cases at docket Nos. 10765-00 and</u>

- 23 -

10766-00 sustaining respondent's determinations in reduced amounts and imposing a penalty under section 6673(a)(1) in each of those two cases.