T.C. Summary Opinion 2008-117

UNITED STATES TAX COURT

KABONGO L. KALUBI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23795-07S.                    Filed September 8, 2008.

Kabongo L. Kalubi, pro se.

<u>Monica J. Miller</u>, for respondent.

RUWE, <u>Judge</u>:  This case was brought pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

case.  Petitioner filed the petition requesting redetermination of deficiencies in income tax for 2000, 2002, 2003, 2005, and 2006 (years at issue).  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction (motion to dismiss).

## Background

At the time the petition was filed, petitioner resided in Georgia.

On October 15, 2007, petitioner filed with the Court an incomplete petition that did not have a notice of deficiency attached.  Petitioner subsequently filed an amended petition requesting redetermination of deficiencies for the years at issue.  Petitioner did not attach any statutory notices of deficiency to his amended petition; however, he did attach a letter from respondent dated September 19, 2007, which showed an updated total balance of petitioner's outstanding unpaid tax liabilities for the years at issue.

On May 20, 2008, respondent filed the motion to dismiss. Respondent alleged that he had issued no notice of deficiency and had made no other determination that would confer jurisdiction upon the Court for the years at issue.

Petitioner filed an objection to respondent's motion to dismiss and attached a copy of a notice of deficiency for his tax year 2000 that was dated September 26, 2002.  Thereafter, this

Court ordered respondent to respond to petitioner's objection and to include an explanation of what records formed the basis for respondent's motion and an explanation of how petitioner's tax liabilities for the years at issued were determined.

In respondent's response he asserted that petitioner's unpaid tax liabilities for the years at issue had already been assessed. For tax year 2000 respondent's records show that he issued a notice of deficiency to petitioner and petitioner filed a petition in this Court at docket No. 17725-02S. A decision in that case entered on July 23, 2003, redetermined a $3,478 deficiency in income tax for tax year 2000. For tax year 2002 respondent's records show that during 2004 respondent issued to petitioner a notice of deficiency and that petitioner had agreed with the proposed adjustments. For tax year 2003 respondent's records show that petitioner's timely filed tax return reported an unpaid tax liability of $181. On December 14, 2004, petitioner filed an amended return for tax year 2003 indicating a corrected tax liability of $3,696. After reviewing petitioner's amended return, respondent determined an additional $210 in tax owed, plus $18 of interest, for 2003 on the basis of petitioner's entries on his amended return. Petitioner agreed to the additional $228 for 2003. For tax years 2005 and 2006 petitioner's timely filed tax returns reported unpaid tax liabilities of $703.07 and $631.54, respectively.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency to a taxpayer and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  A timely petition is required to be filed within 90 days after the mailing of the notice of deficiency.  Sec. 6213(a).

Petitioner, as the party invoking this Court's jurisdiction, bears the burden of proving that we have jurisdiction over the matter.  See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), affd. 22 Fed. Appx. 837 (9th Cir. 2001); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960).  In order to meet his burden, petitioner must affirmatively establish all facts giving rise to our jurisdiction.  See David Dung Le, M.D., Inc. v. Commissioner, supra at 270.

The only evidence petitioner proffered that might suggest that this Court has jurisdiction is the notice of deficiency for the tax year 2000, which respondent mailed to him on September 26, 2002.  Petitioner previously filed a petition regarding tax

year 2000, and a decision was entered that is now final.  In any event, the petition filed in the instant case was filed long after the filing deadline for contesting the notice of deficiency for 2000.

Respondent acknowledges that in 2004 a notice of deficiency was issued for tax year 2002.  Respondent's records indicate that petitioner had agreed to the adjustments therein.  In any event, the petition in the instant case was filed long after the deadline for filing a petition to contest the notice of deficiency for 2002.

As to tax years 2003, 2005, and 2006, respondent's records show that petitioner's unpaid tax liabilities for these years were based upon petitioner's self-reported liabilities and that no notices of deficiency have been issued.

Petitioner has not made any assertions or proffered any evidence that would indicate that this Court has jurisdiction over his claims.  We will therefore grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

<u>An appropriate order of</u>
<u>dismissal for lack of</u>
<u>jurisdiction will be entered</u>.